## J. H. CONEY *vs.* MANELE.

ON APPEAL FROM POLICE COURT, HONOLULU, ON POINTS OF LAW.

IN AN ACTION brought in the Police Court to recover possession of land under Article 40 of the Civil Code, the complaint claimed title in the land and alleged that the defendant held unlawfully; the defendant denied in writing that he is or ever had been the lessee of the plaintiff, or that the relation of landlord and tenant ever existed between them, and claimed a life estate in the land;

HELD, that the complaint in such an action should set forth the tenancy and all necessary circumstances;

*Also*, that a defendant denying his tenancy and setting up another title hostile to plaintiff ousted the Police Court of its jurisdiction under this statute;

*Also*, that Police and District Courts cannot try titles to land.

Opinion of the Court by HARRIS, C. J.

This case was originally brought in the Police and District Court of Honolulu to recover possession of a piece of land under Article XL of the Civil Code, entitled "Of Summary Proceedings to Recover Possession of Land in Certain Cases," Sections 939, 940.

The complaint filed in this case, as it appears by the summons, is that "defendant is summoned to answer in a plea wherein the plaintiff declares and says that the defendant is in possession of the land and tenements of the plaintiff situate in Nuuanu Valley, District of Honolulu, Island of Oahu, known and described in a certain Land Commission Award No. 6,325, by the name of Niolopa, which the said defendant holds unlawfully and against the right of the plaintiff, who has title to the said land and the right of present possession thereof. Wherefore the plaintiff asks for judgment giving him possession of the said land."

At the hearing before the District Court, the defendant "denies that he is, or ever has been the lessee of the said plaintiff, or that the relation of landlord and tenant ever existed between the plaintiff and himself, and claims that he is entitled to a life estate in the land claimed by the plaintiff, and that his right can only be tried before a jury of the country; wherefore and inasmuch as no tenancy is alleged in the plaintiff's complaint, he moves that this action be dismissed with costs." The magistrate overruled the motion to dismiss, and decided to go into the evidence of the case, saying that if such a plea must be taken as ousting him from his jurisdiction, the statute would be rendered nugatory, and the landlord be deprived of his remedy, whereupon the defendant seems to have declined to go into his defense, and judgment was rendered against him *pro forma.* From this judgment defendant appealed, came on for hearing on the 9th of January, and on the 13th Justice JUDD delivered the opinion of the Court reversing the judgment below. The plaintiff asked for a re-hearing, which was granted, and we have thought it

J. H. Coney *v.* Manele.

advisable to more fully express the views which we entertain.

The statutes applying to the case are as follows:

Section 939, Civil Code as amended, page 14 Session Laws, 1864; "whenever any lessee or tenant of any lands or tenements, or any person holding under lessee or tenant, shall hold possession of such lands or tenements without right after the determination of such tenancy, either by efflux of time or by reason of any forfeiture, under the conditions or covenants in any such lease; or, if a tenant by parole, by a notice to quit of at least ten days, the person entitled to such premises may be restored to the possession thereof in manner hereinafter provided."

"Section 940. The person entitled to the possession of the premises may apply to any police or district justice for a writ, in the form used for an original summons in common civil actions before such justices, in which the defendant shall be summoned to answer the complaint of the plaintiff, for that the defendant is in the possession of the lands or tenements in question, describing them, which he holds unlawfully, and against the right of the plaintiff, and no other declaration shall be recognized."

It is contended by the plaintiff's counsel that he was under no necessity of setting forth in his complaint that the defendant in this case was a tenant of the plaintiff's, or in what manner the defendant holds under the plaintiff, because the statute (Section 940) enacts that the defendant "shall be summoned to answer the complaint of the plaintiff, for that the defendant is in possessson of the lands or tenements, describing them, which he holds unlawfully, and against the right of the plaintiff, and no other declaration shall be recognized;" and therefore it is argued that a simple declaration of illegal holding, without averring leasehold or tenancy, is not only all that is required, but a farther declaration is not to be recognized.

But the whole gist of the complaint consists in the fact, that the defendant entered into the premises in some way as a tenant.

J. H. Coney *v.* Manele.

The district magistrates have no right to try the titles in land, and only acquire a right in this case, if it is acquired at all, by reason of tenancy. The complaint in this instance differs, in no respect, from that used in an ordinary action of ejectment, and the magistrate on the face of it can have no jurisdiction; the lines quoted by plaintiff's counsel apply to the whole enactment and are not to be taken as standing alone.

Now an ordinary summons in a common civil process spoken of in the same section above, sets forth the cause of action and describes it with sufficient particularity to apprise the magistrate of his jurisdiction and to apprise the defendant of what he has got to defend. It is, therefore, clear that the declaration in this case was not sufficient to give jurisdiction to the magistrate, and on that ground the complaint should have been dismissed. We hold that it is necessary to set forth in the complaint, the circumstances of the tenancy; how it was entered into; whether by lease or parole, when it terminated, and how; whether by efflux of time or by notice to quit, and this last is a complete illustration, for the tenant by parole must have had notice to quit of at least ten days, or, the magistrate will have no jurisdiction.

In the case of Kaaihue *vs.* Crabbe, 3d Haw. Rep., 776, wherein this same statute was considered, it is said that the Police and District Court has jurisdiction "only where the relation of landlord and tenant confessedly exists."

We think that a denial of tenancy, especially if in writing as in this case, even where the tenancy is well set forth in the complaint, and a setting up of another title, hostile to the plaintiff's title, whereby the magistrate becomes advised that the defendant claims adversely to the plaintiff, and not under him, is sufficient to take it out of the jurisdiction of district magistrates under these statutes; and it seems to us that if, after such a disavowal and setting up of an adverse title on the part of the defendant, the magistrate could go on and inquire whether his title is good, he would be passing upon

the defendant's title, and stretching the authority of the law greatly beyond what was contemplated; and that the consequences of such a holding would be more likely to lead to confusion and a usurpation of authority on the part of the magistrate, than the holding as at present is likely to render the statute nugatory and deprive the landlords of their remedy. If dishonest pleas should be set up by defendants, undoubtedly effectual means will be found to obviate the effects of such dishonesty.

As we have said before, the decision of the police and district magistrate is reversed.

J. M. Davidson for plaintiff.

A. S. Hartwell for defendant.

Honolulu, February 1, 1879.