### THE KING *vs.* IKEOLE, K.

ON EXCEPTIONS FROM CIRCUIT COURT OF FOURTH JUDICIAL CIRCUIT.

THE DEFENDANT was convicted in the District Court of larceny in the night time of property over the value of $25. He appealed to the Circuit Court and was convicted by the jury ;

HELD, as the offense was larceny of the second degree, over which the District Court had jurisdiction only to examine and commit for trial, the Circuit Court had no jurisdiction to try the case on appeal.

Judgment arrested.

Opinion of the Court by JUDD, J.

This case comes up by a motion in arrest of judgment from

the last February Term of the Circuit Court of the Fourth Judicial Circuit.

The record shows that the defendant was charged before the District Justice of Kawaihau, Kauai, with the larceny of a case of liquor containing one dozen bottles, valued at $30, from a storehouse at Kapaa, on the night of the 15th of September last past. The magistrate took jurisdiction of the case and sentenced the defendant to one year's hard labor, and to pay a fine of $60 and costs, from which the defendant appealed to the Circuit Court, where he was tried by a jury and convicted.

The statute (Chapter 16, Penal Code, Section 15—subdivision 2) defines larceny in a storehouse in the night time, of property over the value of $25 and less than $100, to be larceny in the second degree, and of this offense the magistrate has no jurisdiction, except to examine and commit for trial. See Chapter 62, Penal Code, Section 1—subordinate 3.

It being clear, from an inspection of the evidence sent up, that the liquor stolen was worth $2.50 a bottle, and that one dozen was taken by defendant and his confederates in the night time from a storehouse, it is well established that this was a larceny of the second degree.

As the District Judge had no jurisdiction to try and pass sentence on a person accused of an offense of this degree, the Circuit Court could not acquire any jurisdiction over the same by virtue of defendant's appeal. Such an offense is only triable upon a commitment before a magistrate, and a duly found indictment presented by the Attorney General or his deputy.

We distinguish this case from one where the defendant is charged with a larceny of the second degree, but the proofs making it clear that it was of the third degree, in which case the District Justice should properly take jurisdiction of the matter. In the case before us the charge made in the District Court was larceny, contrary to the 16th Chapter of the Penal

Code, Section 15—subdivision 3, which is larceny of the second degree, and the proofs sustained the charge.

Exceptions sustained.

W. O. Smith, Deputy Attorney General, for the Crown.

W. C. Jones for defendant.

Honolulu, April 16, 1881.