## *In re* KAMEEUI.

### PROHIBITION. BEFORE JUDD, C.J.

### DECEMBER, 1884.

District and Police Justices have no jurisdiction to try trespass *quare clausum fregit,* where the plea is *liberum tenementum.*

### DECISION OF JUDD, C.J.

By the petition in this case and the annexed exhibit, it appears that on the 8th of November, 1884, an action of trespass was begun in the District Court of North Kona, Island of Hawaii, by Ben Tenorio and Moeawakea, against the petitioners, alleging that they had wrongfully entered a fenced close at Kahaluu, in North Kona, and built a house thereon, contrary to the rights of the plaintiffs, to their damage $40; also that the case was heard by J. G. Hoapili, the District Justice, on the 10th of November, and the petitioners answered that they had entered the land but that they had a right so to do under the authority of one Helani (w.), who claimed the land; and that J. G. Hoapili, District Justice, rendered judgment that the petitioners should remove the house from the land or pay damages $40, and costs of Court $20.10, and that execution has been or is about to be issued therefor. The petition prays for a writ of prohibition, to be directed to the Judge and the parties suing in the inferior Court, forbidding them to proceed further in the cause on the ground that the cause is beyond its jurisdiction.

The plaintiffs in the trespass suit, respondents herein, demur and say that the petition does not set forth such a case as entitles them to the relief prayed for. The issue of law thus raised is whether a District Court has jurisdiction to try an action for trespass *quare clausum fregit* when the defendants plea is *liberum tenementum* or title in themselves.

The petitioners counsel, J. M. Poepoe and W. L. Holokahiki, rely upon *Coney vs. Manele,* 4 Hawn., 154, in support of the

proposition that District Courts cannot try titles to land; also, that petitioners are not bare tort-feasors, but that there is a privity of contract between them and Helani, who has the legal title: referring to 6 Wait's Actions and Defenses, p. 90, and cases cited.

The respondents' counsel, Kinney & Peterson, urge that an action of trespass determines nothing in respect to the title of the land in question beyond the action tried, and rely upon *Chandler vs. Walker*, 21 N. H., 282, and cases cited; Waterman on Trespass, §1119, *et seq.;* also Wait's Actions and Defenses *supra.*

### BY THE COURT.

The case of *Coney vs. Manele* was an action for summary possession of land where the defense was made of title in the defendant, and it was there held that the District Magistrates have no right to try titles to land. This is not disputed by respondents, but they claim that the title to the land is not involved in this case.

In Waterman on Trespass, Sec. 1119, the author says that "a judgment for the defendant in an action of *quare clausum fregit* would not be conclusive upon the title because the right of possession only, and not the title, is involved in the action of trespass." * * * "Yet the title may be litigated as a matter directly involved in the issue; and when that question is adjudicated and a judgment rendered in this form of action by a Court of competent jurisdiction, the judgment will conclude the parties and operate as an estoppel if the matter appears on the face of the record, or as evidence conclusive in relation to the title in any subsequent litigation of the matter between them." 4 Cowen, 589, 11 N. Y., 420.

In 2 Greenleaf's Evidence, Section 613, the author, in speaking of trespass, says: "Though the right of property may and often does come into controversy in this action, yet the gist of the action is injury to the plaintiffs' possession." And in Sec. 626, "The plea of *liberum tenementum* admits the fact that the plaintiff was in possession of the close described in the declara-

tion, and that the defendant did the acts complained of, raising only the question whether the close described was the defendant's freehold or not."

An inspection of the petition shows that the defendants admitted the acts complained of, but set up title of a third party to the land, under whom they acted. To properly decide this suit the title must be passed upon, and in the law Courts of Record of this Kingdom there would be no difficulty in the way of this procedure.

But it would not be right to allow the title to real estate to be thus settled by a District Justice, for a judgment of this character in an action of trespass would work an effectual estoppel in a subsequent action of ejectment—certainly so far as the particular part of the land trespassed upon was concerned.

Assuming it to be law that actions to try titles to land are beyond the jurisdiction of District Courts—a position not denied by the respondent's counsel—I think it must follow that these Courts have no jurisdiction to try trespass *quare clausum fregit* where the plea is *liberum tenementum,* and I therefore overrule the demurrer.

*W. L. Holokahiki and J. M. Poepoe,* for petitioners.

*Kinney and Peterson,* for respondents.

Honolulu, December 20th, 1884.