JANE CARROLL vs. FRANCIS P. RIGNEY.

15   81
d25  253

A landlord cannot maintain trespass for injury to the premises let, done by the tenant dur-
  ing the tenancy. His remedy is trespass on the case.
Pub. Stat. R. I. cap. 196, § 30, provides: "Whenever an action of trespass shall be brought
  before any Justice Court, and the defendant shall plead the general issue, he shall not be
  allowed to offer any evidence that may bring the title to real estate in question."
*Held*, that the word "title" meant, the right of possession, not the fact of possession.
*Held*, further, that in trespass before a Justice Court evidence may be given to disprove the
  fact of the plaintiff's possession, if it can be given without bringing the right of possession
  into dispute.
When, without objection, a defendant introduced evidence affecting both the fact and right
  of the plaintiff's possession, —
*Held*, that, in the circumstances, the evidence was good to the extent and for the purposes
  allowed by the statute.

EXCEPTIONS to the Court of Common Pleas.

*July* 6, 1885.  DURFEE, C. J.  This is a trespass for injuries
to the plaintiff's barn.  The case was begun in the Justice Court
of the city of Providence.  The only plea pleaded was the general
issue.  The case was carried by appeal to the Court of Common
Pleas, where, on trial to the jury, a verdict was rendered for the
plaintiff for $55.00.  It comes before us on exceptions.  The bill
of exceptions makes the following statement, to wit: " The action
was trespass *vi et armis,* and was brought to recover damages, done
by a tenant by the month in possession, to a barn and the earth
thereunder.  The plaintiff offered testimony tending to prove that
manure was thrown upon the barn floor to the depth of two or
three feet, and left there a long time ; that the defendant's horse
was cast one night and kicked down a stall, and that the mangers,
feed-boxes, etc., were destroyed, and the barn otherwise seriously
damaged and torn during the tenancy.  The barn belonged to the
plaintiff, and she leased the land on which it stood.  The defend-
ant was a tenant by the month.  The defendant offered testimony
to show that he was a tenant by the month ; that he did not injure
the premises; but that one night his horse, being seized by the colic,
rolled about while in great pain, and kicked down the stall."  The
bill of exceptions further states in effect that, at the conclusion of
the testimony, the court instructed the jury that the plaintiff was
entitled to recover if the barn was injured by the defendant, or
by his horses, or servants acting under his direction, in the man-
ner testified to by the plaintiff and her witnesses.  The court also

refused to charge as requested by the defendant in several requests.

The defendant contends that the court erred because, as a rule, a landlord cannot maintain trespass for injuries to the premises let, done by the tenant during the tenancy, and because the possession was in the defendant. Without doubt these positions are generally correct. 2 Greenleaf on Evidence, '§ 616. The plaintiff contends that where the general issue alone is pleaded, the plaintiff's possession need not be shown, citing Addison on Torts, §§ 424, 425. The statement in Addison, however, rests not upon the common law rule of pleading, but upon the new rules adopted Hilary Term, 4 Will. 4. The new rules do not govern here. But we have a statute which provides as follows, to wit: "Whenever an action of trespass shall be brought before any Justice Court, and the defendant shall plead the general issue, he shall not be allowed to offer any evidence that may bring the title to real estate in question." Pub. Stat. R. I. cap. 196, § 30. It has been held in Massachusetts, under a similar provision, that, when the defendant pleads only the general issue, he cannot give evidence that the plaintiff was not in possession. *Lynch* v. *Rosseter*, 6 Pick. 419; *Stone* v. *Hubbard*, 17 Pick. 217. But in New York, under similar provisions, it has been decided that the question of actual possession is not one of title under the statute, and accordingly that, when the plaintiff adduces evidence to show his possession, the defendant is entitled to give counter evidence to prove possession in himself. *Ehle* v. *Quackenboss*, 6 Hill N. Y. 537; *Fredonia & Sinclearville Plank Road Co.* v. *Wait*, 27 Barb. S. C. 214. We think the New York decisions rest on the better reason, and are more accordant with the view which has been generally taken of our statute. The word " title," as used in our statute, signifies, not the *fact* of possession, but the *right* of possession, which may exist without the fact, and accordingly evidence may be given to controvert the fact, whenever it can be given without bringing the right in question. The purpose of the statute was not to exonerate the plaintiff from the burden of making out a *primâ facie* case by proving his possession, as well as the acts complained of as trespasses, or to preclude the defendant from controverting such case by disproving the fact of possession, but only to

require that questions of disputed right, if any there are, shall be raised on the record, and carried to a higher court for adjudication. In the case at bar, it is true, the defendant did more than controvert the fact of possession; he proved that he was himself in possession as tenant of the plaintiff: but the evidence on this point went in without objection, and indeed, so far as appears, the tenancy was not disputed. We do not see, under these circumstances, that the fact that the evidence went further than the statute allows, would render it any the less effectual to the extent and for the purposes which the statute allows.

*Exceptions sustained.*

*Edward D. Bassett & Frederic Hayes*, for plaintiff.

*George J. West*, for defendant.