## VICTORIA WARD *vs.* J. KAMANAOULU.

### APPEAL FROM DISTRICT COURT OF HONOLULU.

HEARING, DECEMBER, 19, 1894.   DECISION, FEBRUARY 25, 1895.

JUDD, C.J., BICKERTON, J., AND WHITING, CIRCUIT JUDGE, WHO
SAT IN PLACE OF MR. JUSTICE FREAR, ABSENT FROM ILLNESS.

In an action in the District Court of Honolulu of trespass *quare clausum
fregit*, for digging a ditch on plaintiff's land, the defendant "admit-
ted the acts complained of, claiming title in himself and pleaded to
the jurisdiction, denying title of plaintiff." The statute, Section 10,
Judiciary Act of 1892, prescribes that district courts shall not have
cognizance of real actions, nor actions in which the title to real
estate shall come in question; Held, in the absence of a statute or
a rule requiring more, the plea is sufficient to oust the District
Court of its jurisdiction.

### OPINION OF THE COURT, BY JUDD, C.J.

This is an action of trespass *quare clausum fregit*, plaintiff
claiming damages for the defendant's wrongful entry upon
plaintiff's land at Kukuluaeo, Honolulu, and digging a ditch
thereon. The suit was brought in the District Court of Ho-
nolulu. Defendant plead orally as follows: "Defendant
admits the acts complained of, claiming title in himself, and
pleads to the jurisdiction, denying title of plaintiff." The
magistrate sustained the plea to the jurisdiction, and plaintiff
appealed to this Court on the following points of law:

"1. In a suit for trespass on or damage to land, even
though defendant pleads title, the district court should hear
the evidence on both sides before deciding that the suit

involves title to real estate, and sustaining a plea to the jurisdiction on that ground.

"2.    The mere plea that 'defendant claims title,' without stating what he claims or why he claims it, is not sufficient to oust the district court of jurisdiction.

"3.    It is only *title to land* that district courts ought not to adjudicate; title or right to an *easement* should be within their jurisdiction."

"Section 10 of the Act to Re-organize the Judiciary Department prescribes that district courts 'shall not have cognizance of real actions, nor actions in which title to real estate shall come in question.'"

We assume that an action of trespass *quare clausum fregit* is within the jurisdiction of the district courts, if the *ad damnum* is within the statutory limit.    Such an action is not a "real action," nor does "the title to real estate" necessarily come in question.    But it may come in question.    Where the defendant pleads in justification that the *locus in quo* is his soil and freehold (commonly called a plea of *liberum tenementum*), the title to the real estate would come in question.    This preliminary question the district court has no jurisdiction to hear—the statute forbids it.    The plaintiff urges that the district court should have heard the evidence on both sides in order to determine whether the suit in fact involved title to real estate.    But, as said by this Court in *Coney vs. Manele*, 4 Haw., 157, per Harris, C. J., "the setting up a title hostile to the plaintiff's title, whereby the magistrate becomes advised that the defendant claims adversely to the plaintiff, and not under him, is sufficient to take it out of the jurisdiction of district magistrates * * * and if the magistrate could go on and inquire if his title is good, he would be passing the defendant's title and stretching the authority of the law greatly beyond what was contemplated."

The cases are not exactly parallel; that of *Coney vs. Manele* being an action for summary possession of land, (Comp. Laws, p. 274), the plaintiff claiming the defendant to be his tenant.    But the question was the same as in the

case at bar, namely, whether the defendant's plea of title in himself without adducing evidence to sustain it, was sufficient to oust the district magistrate of his jurisdiction. And it was held that it was sufficient. See also, *In re Kameeui*, 6 Haw. 542. But in this case the court prohibited the lower court from issuing execution in a case where it had heard and determined title to real estate.

It is urged upon us that as the present case claims damages for digging a ditch, presumably the only title in the defendant would be an "easement." But the defendant has not justified the alleged trespass by a plea that he had a right to dig the ditch on plaintiff's land, having acquired an easement therein. He does not set up an "easement." He claims title to the land alleged to be trespassed upon and denies plaintiff's title to the same. We are aware of the mischiefs that are likely to occur where reckless or dishonest pleas of this character may be set up, compelling parties in the maintenance of their possession of land to resort to the higher courts for the pursuit of their remedies. But we feel obliged to follow the precedents of this court and sustain such pleas without further proof—there being no statute nor rule requiring more. That a remedy might have to be provided was thought of in 1879, where the court remark in *Coney vs. Manele, supra*, that "if dishonest pleas should be set up by defendants undoubtedly effectual means will be found to obviate the effects of such dishonesty."

A rule will be made to apply to future cases.

Appeal dismissed.

*W. Foster*, for plaintiff.

*Carter & Carter*, for defendant.