KANEOHE RANCH COMPANY, Limited, *v.* AH ON.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED DECEMBER 28, 1897.    DECIDED JANUARY 13, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

A title to an easement is a title to real estate within the meaning of Sec. 1119, Civ. L., which provides that District Courts "shall not take cognizance of actions in which the title to real estate shall come in question."

In such case the action may be brought in the Circuit Court without respect to the amount in controversy.

OPINION OF THE COURT BY FREAR, J.

This is an action of trespass *quare clausum fregit.* It was begun in the District Court of Koolaupoko, Oahu. The defendant pleaded to the jurisdiction that the title to real estate was in question, namely, a title to an easement,—a water right, in the maintenance of which he claims the acts complained of were done. The District Magistrate overruled the plea, entertained jurisdiction and found for the plaintiff in the sum of $30 damages. Defendant appealed to the Circuit Court where the plea was sustained, and the plaintiff now brings the case here on exceptions to this ruling. The question is whether a title to an easement is a title to real estate within the meaning of the statute (Civ. L., Sec. 1119) which provides that District Courts "shall not have cognizance of real actions, nor actions in which the title to real estate shall come in question."

"Real estate" includes lands, tenements and hereditaments. An easement is a hereditament, though incorporeal. It is there-

fore real estate; and the title to an easement is a title to real estate. Neither the reason nor the language of the statute would confine its operation to cases in which the ownership of the tangible or corporeal land itself is involved nor to cases in which the title brought in question might be the basis of an action of ejectment. Titles to easements are held to be within the meaning of similar statutes elsewhere. *Stoppenbach v. Zohrlaut,* 21 Wis. 385; *Striker v. Mott,* 6 Wend. 465; *Hawk v. Segraves,* 34 N. J. L. 355; *Osborne v. Butcher,* 26 N. J. L. 308; *Randolph v. Montfort,* 16 N. J. L. 226. In *Ward v. Kamanaoulu,* 9 Haw. 619, the Court found it unnecessary to pass upon this question, though raised in argument.

Even though the damages claimed should be less than fifty dollars, in which case the District Court would ordinarily have exclusive jurisdiction, still, if the District Court is ousted of jurisdiction by a plea of title to real estate, action may be brought in the Circuit Court (Sec. 1144, Subd. 4, Civ. L.) and the party would not be remediless, as argued by counsel.

The exceptions are overruled.

*C. Brown* for plaintiff.

*J. A. Magoon* for defendant.