# WILLIAM BROWN *v.* KOLOA SUGAR COMPANY, a Corporation.

## APPEAL ON POINTS OF LAW FROM DISTRICT MAGISTRATE OF KOLOA, KAUAI.

SUBMITTED MARCH 19, 1900.　　　DECIDED MAY 17, 1900.

### FREAR AND WHITING, JJ., AND CIRCUIT JUDGE PERRY IN PLACE OF JUDD, C.J., ABSENT.

A title to an easement—a water right—is a title to real estate within the meaning of the statute (Civil Laws, Section 1119) which provides that districts courts "shall not have cognizance of real actions, nor actions in which the title to real estate shall come in question."

A plea of title in defendant accompanied by a sufficient affidavit, as required by Rule of Supreme Court of March 1st, 1895, ousts the jurisdiction of the district court in actions involving title to real estate, without the production of evidence.

### OPINION OF THE COURT BY WHITING, J.

Action for damages against defendant for trespass in unlawfully shutting off the water from the Koloa stream flowing to Hanakaape, on December 26, 1898, and January 2, 1899, the plaintiff claiming the right to the water.

Defendant in answer denies that the plaintiff is entitled to water for the premises mentioned in the complaint herein, or has any water right or ever had the right to use water from the stream running near said premises; and denies that plaintiff has ever been deprived by the defendant of his right to water or has been damaged by the defendant in any sum whatever. This answer was sworn to. On November 17, 1899, the district magistrate ruled on this answer and affidavit, that it was not sufficient to oust the court's jurisdiction on the ground that no proper affidavit had

been made. This ruling was probably based on Supreme Court Rule or Order of March 1st, 1895: "Order to District Courts. It is hereby ordered that whenever, in the district courts, in defense of an action of trespass, or a suit for the summary possession of land, or any other action, the defendant shall plead to the jurisdiction in effect that the suit is a real action, or one in which the title to real estate is involved, such plea shall not be received by the court unless accompanied by an affidavit of the defendant or his attorney, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as will fully apprise the court of the nature of defendant's claim."

The case was then continued to 10 o'clock a. m. November 23, 1899, on which date defendant filed a plea to the jurisdiction viz., "That the district courts of the Republic of Hawaii have no jurisdiction (Sec. 1119, Civ. L.) of real actions or actions in which the title to real estate shall come in question." Together with the plea the affidavit of A. Cropp, manager of the defendant corporation, was filed setting out: 1st, That the land alleged to belong to the plaintiff is kula land and is not now and never has been entitled to water. 2d, That since the year 1840 or thereabouts the defendant and its predecessors have had the exclusive use of the water running in said stream upon every holiday and Sundays, and that during all of that period water has been stored by the defendant on such days and that by reason of such exclusive use of said water as aforesaid the defendant has long since obtained a prescriptive right to the use of the same, and that on the days set forth in the plaintiff's complaint, Christmas day and New Year's day, 1898 and 1899, the defendant caused said water to be stored pursuant to its prescriptive rights. 3d, That the water so stored as aforesaid was purchased by the defendant from Geo. Wilcox and but for such water so purchased as aforesaid there would have been no water running in said stream and that at said times mentioned in said complaint, the whole island of Kauai was suffering from extreme drouth and there was little

or no water in any of the streams on this island. 4th, That the defendant is the owner of large tracts of land abutting upon said stream and as such owner is entitled to the use of the water in said stream and to the whole of said water if necessary for the proper use upon its abutting lands.

The district magistrate sustained this plea and dismissed the case. The plaintiff by Mikaele his attorney gave notice of appeal on points of law immediately.

First Point of Law. That said district magistrate erred in sustaining defendant's second plea to jurisdiction upon affidavit supporting same for the reason that said plea was wrongly received; that said affidavit was wrongly received; that said affidavit was insufficient in substance, and was incorrect upon its face, indefinite, uncertain, without merit, and was for the sole and only purpose of causing this plaintiff worry, delay and expense in prosecuting this action and argumentative; and furthermore after plaintiff's counsel had on Friday, November 17, 1899, when the question of jurisdiction was argued and settled in favor of said plaintiff, submitted to the court an original award; which the court received and examined, to water for the premises in controversy upon the days laid in plaintiff's complaint, made by the commissioner of ways and water for the district of Koloa in 1878 and signed by him.

Was the second plea and affidavit sufficient under the rule to district magistrates above stated, to warrant the district magistrate in refusing to take jurisdiction? In *Ward v. Kamanaoulu,* 9 Haw. 619, in an action of trespass *quare clausum fregit,* the court held that a plea of title in defendant without adducing evidence to sustain it, was sufficient to oust the district magistrate of his jurisdiction, there being no statute or rule requiring more. "That a remedy might have to be provided was thought of in 1879, where the court remark in *Concy v. Manele,* 4 Haw. 157, 'if dishonest pleas should be set up by defendants undoubtedly effectual means will be found to obviate the effects of such dishonesty.' A rule will be made to apply to future cases." This

case was decided February 25, 1895, and on March 1, 1895, the Supreme Court Rule or Order to the district magistrates was made.

In January, 1898, the case of *Kaneohe Ranch Co. v. Ah On*, 11 Haw. 275, was decided, being an action of *quare clausum fregit*. It was begun in the district court and the defendant pleaded to the jurisdiction that the title to real estate was in question, namely, a title to an easement—a water right, in the maintenance of which he claims the acts complained of were done. The court held that a title to an easement is a title to real estate within the meaning of the statute (Civ. L. Sec. 1119) which provides that district courts "shall not have cognizance of real actions, nor actions in which the title to real estate shall come in question," and the plea ousted the district court of jurisdiction.

The plea in this case clearly puts the title to the easement—the water—in issue, 1st, that there is no title in plaintiff to the water in question; 2d, title in defendant and 3d, a claim of title in defendant as riparian owner.

The plea is good.

Second Point of Law. That the district magistrate after once having decided the question of jurisdiction in this cause, raised by the defendant's attorney and argued at the instance of his motion upon a full record, viz., a plea to jurisdiction and affidavit in support of same as required by order of the Supreme Court, erred in reopening said question at a subsequent hearing over the objection of plaintiff, and in allowing defendant's attorney to file a new plea to jurisdiction and affidavit in support of same, and in allowing said attorney to argue said question again upon such plea and affidavit, and then to reverse his former ruling on said question and sustain defendant's said plea, all done without plaintiff's consent and against his objection, and without giving him an opportunity to be represented by counsel in said argument, and during the absence of plaintiff's counsel.

It was within the sound discretion of the court to allow the second plea to be presented. The question of jurisdiction as to subject matter is always open and can be raised at any time.

There is no error. The plaintiff was present in court with one of his attorneys, Mikaele, and no objection is of record as to the absence of the other counsel.

Third Point of Law. That said district magistrate erred in compelling said plaintiff to proceed to the trial of said cause upon Thursday, November 23, 1899, without the aid of his counsel, without his (plaintiff's) consent and over his (plaintiff's) objection after said cause had been continued by said judge to Friday, November 24, 1899, at the request of defendant's counsel who represented that counsel for plaintiff and counsel for defendant had agreed to such continuance; that said magistrate erred in thus changing the date of hearing of said cause after he had notified or caused to be notified both the plaintiff and his counsel that said cause was continued to Friday, November 24, 1899, without giving both plaintiff and his counsel reasonable notice of said change of date of the trial; and that after the said magistrate had continued said cause as aforesaid at the instance of defendant's counsel, upon an agreement of counsel for plaintiff and defendant, and after notification and consent of plaintiff to such continuance and after notification to plaintiff's counsel of such continuance, and without receiving any request, consent or communication from either plaintiff or his counsel in regard to changing the date of said continuance, the said district magistrate erred in changing the date of said continuance upon the single request of defendant's counsel, and in compelling plaintiff to go to trial of said cause without fifteen minutes' notice, without counsel, without preparation and without seeking the permission or consent of either plaintiff or his counsel.

Numerous affidavits are filed by both parties from which we gather that defendant's attorney, Prosser, prior to November 23, 1899, requested of plaintiff's principal attorney, Willard, a continuance of the case to November 24, which was assented to by him. Later plaintiff's said attorney informed defendant's attorney that he withdrew his assent to continuance. The deputy sheriff informed the district magistrate on November 22d that he

had received a telephone message from defendant's attorney to postpone the Brown case to Friday at 10 o'clock, November 24th, on the ground that Mr. Cropp, a witness and defendant's manager, was in Honolulu and that Prosser had said that he had talked it over with Willard and agreed to have the case on Friday. The district magistrate replied, "Well, if they both had agreed to it, I guess it will be all right," and then told the deputy sheriff to notify Brown the case was set for Friday. Brown was told of it. On Thursday the district magistrate went to the court house to continue the case, where he found Prosser and Cropp. The district magistrate then said he thought the case was to come up "to-morrow." Prosser then said "Yes, but we afterwards agreed to try it to-day." The district magistrate then asked Prosser where Willard was, and Prosser said he didn't know; that Willard had wanted the case to come up after he had agreed to postpone till Friday, and that they agreed to have it come up to-day (Thursday). Willard was telephoned to but was not reached. Mikaele, a Hawaiian lawyer and one of plaintiff's attorneys, was present and was asked by the district magistrate if he was ready to go on with the case, and he said "Yes." The case went on; Prosser offered another answer and affidavit; Mikaele objected to their being received. The court admitted them and the objection to the jurisdiction was sustained.

The affidavits set forth numerous other matters and much detail, but they clearly show that Mr. Willard was the principal attorney for plaintiff and that the case should not have been proceeded with on Thursday in his absence. Both Mr. Willard and Mr. Prosser are members of the bar of the Supreme Court and Mikaele of the district court. However, we do not consider that the point of law is properly raised and certified to us. Mr. Willard has laid no foundation by motion in the district court or otherwise to reopen the case, that he might be heard. However, he has been fully heard in this Court on the merits of the pleas, and if it could be of avail to him to reopen the case that he might be heard in the district court, we should be disposed to so order,

but in the view that the plea to the jurisdiction of the district court must be eventually sustained, it would entail unnecessary expense and litigation, and in the end the case would have to be recommenced in the circuit court where the action may be brought (*Kaneohe Ranch Co. v. Ah On*, 11 Haw. 275), and where all similar trespass actions which involve or may involve the question of title to real estate ought to be brought in the first instance.

The appeal is dismissed, but no costs of appeal are to be taxed to plaintiff.

*J. D. Willard* for plaintiff.
*M. F. Prosser* for defendant.