ELIZA ROY, J. D. PARIS, J. D. JOHNSON, W. H. JOHN-
SON AND W. H. SHIPMAN, PLAINTIFFS, *v.* M. F.
SCOTT, DEFENDANT.

ERROR TO CIRCUIT COURT, THIRD CIRCUIT.

ARGUED JULY 3, 1906.                DECIDED JULY 5, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

APPEAL—*jurisdiction of district court to try title to land.*

A judgment of the circuit court on an appeal from the district
court in an action in which title to land was involved is void.

ERROR—*practice.*

A writ of error lies to revise an erroneous ruling of the circuit
court upon the question of jurisdiction although an exception to
this ruling had previously been overruled by this court because it
was not in such form as then to permit its adjudication.

OPINION OF THE COURT BY HARTWELL, J.

The defendant brings a writ of error to correct numerous
errors of law assigned by him in an action of trespass brought
against him by the plaintiffs before the district magistrate of
North Kona on the Island of Hawaii who gave judgment for
the plaintiffs for $299, from which judgment the defendant
appealed to the circuit court, where the case was tried resulting
in a verdict for the plaintiffs for the same sum.

Sustaining, as we do, the plaintiffs' contention that the mag-
istrate had no jurisdiction of the trespass which involved a
controversy concerning the title in the land trespassed upon,
there is no occasion to refer to the other errors assigned.

The third assignment of error is: "That neither the District
Court nor the said Circuit Court, and neither of them, had any
jurisdiction of said action, since the same involved title to an

estate in realty and the amount involved exceeded the jurisdiction of the District Court in which the action was originally brought."

The amount claimed by the plaintiffs was within the jurisdiction of the magistrate, but as there could be no trespass on land of which the plaintiffs were not actually or constructively in possession and as the defendant denied the plaintiffs' right and claimed to be entitled in his own right to the possession, the magistrate should have declined to try the case, whether the defendant objected to his taking the jurisdiction or not, as soon as he saw that the defendant disputed the plaintiffs' right. The statute provides that district magistrates "shall not have cognizance of real actions nor actions in which the title to real estate shall come in question." Sec. 1662, R. L.

After the trial in the circuit court the defendant brought here a bill of exceptions including an exception to the denial of his motion to dismiss the case "on the ground that the evidence revealed an action involving title to real estate." The exception was not sustained upon the ground that there was nothing to show, as the record now shows, that this defense was made.

We do not sustain the plaintiffs' contention that this question of the magistrate's jurisdiction cannot be raised on error in consequence of the defendant's failure to present it in his bill of exceptions in such form as would permit its adjudication then. The question of jurisdiction was not passed upon and it could not be waived. The circuit court having no jurisdiction its judgment is vacated and the verdict set aside.

*Smith & Lewis* and *L. J. Warren* for plaintiffs.

*J. W. Cathcart* for defendant.