## ABBIE HARRISON *v.* L. L. McCANDLESS.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MAY 6, 1914.                    DECIDED MAY 13, 1914.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

LANDLORD AND TENANT—*summary possession—title—jurisdiction.*

In a summary proceeding, plaintiff alleged a wrongful with-
holding by defendant after expiration of a parol lease; defend-
ant filed a plea to the jurisdiction of the district court, supported
by affidavit, denied the tenancy alleged, and alleged possession
and right of possession under a written lease for years executed
to another and by the latter assigned to him: *held*, that the title
to real estate had "come in question," and the district court was
ousted of jurisdiction.

SAME—*primary question.*

In a summary proceeding by the landlord, to obtain possession
of land from the tenant, the primary question is the restoration
of the landlord to possession, and issues of title cannot be deter-
mined.

COURTS—*jurisdiction of district courts.*

District courts are courts of limited jurisdiction and can only
act within the authority vested in them by law.

OPINION OF THE COURT BY QUARLES, J.

The plaintiff commenced a summary proceeding in the dis-
trict court of Honolulu against the defendant to recover posses-
sion of certain premises alleged in the declaration to have been
leased, by parol, by the plaintiff to the defendant for one year,
and wrongfully withheld from plaintiff by the defendant after
expiration of said lease. The defendant filed a plea to the juris-
diction of the district court based upon the ground that the
title to real estate was involved, which plea was accompanied
by affidavit, pursuant to rule 15 of this court, wherein, after
preliminary matters, it was stated: "That the defendant is in
possession of the premises described in the petition, not as

alleged by the plaintiff under a lease from Abbie Harrison, and that the defendant is not and never has been tenant as alleged in the complaint herein; defendant is in possession as successor in interest as lessee from E. P. Aikue and Mrs. A. Harrison to Gum Lock, under a lease dated December 2, 1907, recorded in book 293, at page 235, and that by various mesne conveyances the said leasehold has been acquired by the defendant. That thereby the defendant is the owner of a leasehold interest having a term of ten years from January 1st, 1907. That the defendant is not a tenant under any other leasehold."

The plea was overruled in the district court and a judgment for restitution entered in favor of the plaintiff, from which the defendant appealed to the circuit court, where said plea was overruled and judgment of restitution in favor of the plaintiff entered. The defendant moved for a new trial in the circuit court upon various grounds, the first one of which was that the court erred in overruling his plea to the jurisdiction of the court. The motion for a new trial was denied, and the defendant brings the case here upon exceptions.

In our view, the plea to the jurisdiction of the district court was well taken and should have been allowed. This being true it is unnecessary to discuss any other question in the case.

The summary proceeding was provided for the protection of landlords against tenants who have violated some material condition of the lease, or wrongfully withhold possession after expiration of the lease, in order to avoid the delay and expense incident to actions in ejectment. The fact of possession in a summary proceeding is the principal question, incidental to which expiration of the lease or forfeiture thereof may arise, but no question of title can be litigated in such proceeding. (*DeFries* v. *Kanakanui*, 20 Haw. 712.) The remedy does not apply where the relation of landlord and tenant is denied, but only where it "confessedly existed." (*Kaaihue* v. *Crabbe*, 3 Haw. 768; *Coney* v. *Manele*, 4 Haw. 154.) We interpret the

rule to extend only to cases where the relation of landlord and tenant, as alleged in the plaintiff's declaration, is not denied. Here, the defendant denies the execution of the parol lease alleged by the plaintiff, and asserts possession and the right of possession under a written lease for a term of years executed by E. P. Aikue and Mrs. A. Harrison to Gum Lock, running until December 31, 1916, and assigned to the defendant. This is an assertion of title, raised a question of title, and ousted the district court of jurisdiction. Any instrument which is evidence of the exclusive right of possession of land in a party, is title; and the assertion of such raises a question of title within the meaning of the proviso to section 1662 Revised Laws denying to district courts jurisdiction in cases where "the title to real estate shall come in question." (Webster's Dictionary; *Rodgers* v. *Palmer,* 33 Conn. 155; *Gregory* v. *Kanouse,* 12 N. J. L. 62; *Houston* v. *Farris,* 71 Ala. 570; *Campfield* v. *Johnson,* 21 N. J. L. 83; *Pratt* v. *Fountain,* 73 Ga. 261; *Carroll* v. *Rigney,* 23 Atl. 46; *Ehle* v. *Quackenboss,* 6 Hill 537; *Grosso* v. *City of Lead,* 68 N. W. 319.) In actions of trespass *quare clausum fregit* where the amount of damage claimed is within the jurisdiction of a district court, it has jurisdiction, unless a question of title is raised, when it is ousted of jurisdiction. (*In re Kameeui,* 6 Haw. 542; *Ward* v. *Kamanaoulu,* 9 Haw. 619; *Kaneohe Ranch Co.* v. *Ah On,* 11 Haw. 275; *Brown* v. *Koloa Sugar Co.,* 12 Haw. 409.) In *Roy* v. *Scott,* 17 Haw. 598, it was held that the question of title having arisen in a case of trespass *quare clausum fregit,* the district court was ousted of jurisdiction, and that on appeal to the circuit court the latter has no jurisdiction. The plea to the jurisdiction of the court, supported by the proper affidavit, raised a question of title, the merits of which could not be litigated in the summary proceeding, inasmuch as the plea ousted the district court of jurisdiction. If the merits of the question of title raised by such a plea may be litigated and determined in summary proceedings, the said proviso to section 1662 Revised

Laws would be violated in letter and spirit. District courts, being courts of limited jurisdiction, can only act within the authority vested in them by law.

The exceptions are sustained, and the cause remitted to the circuit court for further proceedings consistent with the views expressed in this opinion.

*C. W. Ashford* for plaintiff.

*P. L. Weaver* for defendant.

