## MANUEL SILVA NOVITE *v.* HAM PONG, TRUSTEE, AND AH SING.

### No. 882.

#### MOTION TO DISMISS WRIT OF ERROR.

ARGUED OCTOBER 13, 1915.          DECIDED DECEMBER 6, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

APPEAL AND ERROR—*dismissal of writ.*

 In an action for summary possession, where defendants bring error to review the judgment of a circuit court in plaintiff's favor, the writ will be dismissed on motion where it is made to appear that the judgment and execution thereon have been fully satisfied before the suing out of the writ.

LANDLORD AND TENANT—*summary possession—execution.*

 Judgment in plaintiff's favor having been entered by a circuit court in an action for summary possession execution thereunder, namely, a writ of possession, may issue at any time thereafter unless stayed as provided by law.

SAME—*same—jurisdiction*.

> In this case held, that a plea to the jurisdiction of the court which purports to, but does not in fact, allege that the title to real estate is involved, was properly overruled.

### OPINION OF THE COURT BY WATSON, J.

#### (Quarles, J., dissenting.)

The defendant in error (plaintiff below) moves to dismiss the writ of error sued out by the defendants on the ground that the judgment and execution thereon are fully satisfied. The petition for the writ was filed and the writ issued on September 28, 1915. The action was one for summary possession originally brought in the circuit court of Wailuku, Maui. The declaration in the district court is as follows:

"That heretofore, to wit, on the 4th day of November, 1913, the plaintiff herein did demise, let and lease unto Ham Pong and Kong Kee, all of those certain premises situate on Market street, in Wailuku, County of Maui, Territory of Hawaii, being the same premises conveyed to the said Manuel Silva Novite by W. T. Robinson and wife, by deed dated January 22, 1912, and recorded in liber 360, on pages 44-46, the said premises being more particularly described in that certain indenture of lease dated November 4, 1913, duly executed and entered into by Manuel Silva Novite and Ham Pong and Kong Kee.

"That said lease was, on the 9th day of January, 1915, sold by the sheriff of the county of Maui under and by virtue of an execution issued out of the circuit court of the second circuit. That Ham Pong, trustee, and Ah Sing were the purchasers of said lease at such sale and went into possession and occupation of said premises and are now in possession and occupation thereof.

"That the defendants as lessees aforesaid promised and agreed to abide by the conditions set forth in said lease and thereby promised to pay a yearly rental of $480.00 payable quarterly in advance.

"That there is now due and owing the plaintiff herein from the defendants herein rent amounting to $120.00 payable in advance, same being for the quarter beginning

January 1, 1915, as set forth in the lease, a copy of which is attached hereto marked Exhibit 'A.'

"That because of covenants broken, to wit the non-payment of rent, defendants are now in possession of said premises and are holding the same unlawfully and against the rights of the plaintiff.

"Wherefore plaintiff prays that the lease hereinabove mentioned may be cancelled and annulled and that defendants may be ousted from the possession and occupation of said premises, and that plaintiff may be restored to the possession thereof."

Defendants' plea was the general issue, and the court, after hearing the evidence, rendered judgment in favor of plaintiff for the possession of the premises and for his costs. No plea to the jurisdiction was interposed in the district court, nor did it appear from the evidence there introduced that title to real estate was involved. From this judgment defendants appealed to the circuit court, second circuit, where the case was heard, jury waived. On April 20, 1915, the court filed its written decision in favor of plaintiff, and the judgment, following the written decision of the court, was that plaintiff have immediate possession of the premises, for his costs, and that execution and writ of possession issue accordingly. Judgment was duly entered and filed on April 20, 1915, and thereafter on the same date execution, namely, a writ of possession issued. It appears from the return of the officer indorsed on the writ that the same was executed on the 20th day of April, 1915, by delivering to the plaintiff possession of the premises; and it is further made to appear by the certificate of Edmund H. Hart, clerk of the circuit court of the second circuit, filed in this court on October 9, 1915, that on April 28, 1915, after the entry of judgment and before the writ of error was sued out from this court, that defendants deposited the sum of $37.30, costs accrued, in said second circuit court. The plaintiff having been put into possession of the premises and the

accrued costs having been paid, it is apparent that the judgment has been satisfied and there is nothing for which execution might issue. Section 2518, R. L. 1915, provides:

"A writ of error may be had by any party deeming himself aggrieved by the decision of any justice, judge or magistrate, or by the decision of any court except the supreme court, or by the verdict of a jury, at any time before execution thereon is fully satisfied, within six months from the rendition of judgment."

As will be seen, the statute modifies the common law rule to the extent that the writ must issue before the execution has been fully satisfied. *Ting* v. *Born*, 21 Haw. 638, 640. From what has been stated above it necessarily results that if the writ of possession was legally and properly issued the motion to dismiss the writ of error must be granted.

The judgment in this case being that of a circuit court, execution thereunder, i.e., the writ of possession, might issue at any time "unless stayed as provided by law." Sec. 2441, R.L. 1915.

There is no merit in the contention of counsel for plaintiffs in error that the plea entitled "Plea to the Jurisdiction," interposed by defendant Ah Sing in the circuit court, should have been sustained. The so-called plea to the jurisdiction is as follows:

"Comes now, Ah Sing, one of the above named defendants by Eugene Murphy, his attorney, and says that the above entitled court ought not to take cognizance of this action for the reason that at the commencement of said action and ever since thereof this defendant is in possession of the premises described in the complaint herein, not as alleged by the plaintiff under a lease from plaintiff to Ham Pong and others, but by virtue of a judicial sale of the said premises of all the right, title and interest in the said premises of the Hop Sing Company, a copartnership, duly registered; that defendant is not and never has been tenant as alleged in the complaint herein. That defendant is in possession of the premises described in the complaint herein as successor in interest, by mesne conveyances, of all the

right, title and interest of the Hop Sing Company, a copartnership, in and to the said premises. That therefore the defendant, Ah Sing, is the owner of all the right, title and interest of the said Hop Sing Company, a copartnership, in and to the said premises described in the complaint herein. That the defendant is not the tenant under any other leasehold."

Presumably an affidavit by the defendant Ah Sing accompanied this so-called plea in the circuit court, but the purported copy of such affidavit, as the same appears in the record before us, is not subscribed by said defendant Ah Sing or any person whomsoever. For the purposes of this appeal, however, we will assume that the affidavit was duly subscribed. The affidavit is as follows:

"Territory of Hawaii, )
"County of Maui. )  ss:

"Ah Sing of full age being duly sworn on his oath according to law deposes and says that he is one of the defendants above named that he has read the foregoing plea to the jurisdiction of this court; that he knows the contents thereof and the same are true. Deponent further states that he files this plea in his own behalf for the reason that the said defendant Ham Pong herewith joined with him is not in possession of the said lands described in the complaint herein; and is not in any manner connected with deponent; nor has the said Ham Pong, as trustee, or otherwise any interest or possession in common with deponent, in the lands in the complaint herein named.

"Subscribed and sworn to before me this 19th day of April, A. D. 1915.

"Eugene Murphy (Seal)
"Notary Public, Second Circuit,
"Territory of Hawaii."

Rule 15 of this court, under the title, "Defense of Title in District Courts," provides:

"Whenever, in the district court, in defense of an action of trespass, or a suit for the summary possession of land, or any other action, the defendant shall plead to the jurisdic-

tion in effect that the suit is a real action, or one in which the title to real estate is involved, such plea shall not be received by the court, unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim."

The reasons for the promulgation of this rule are succinctly stated in the opinion of this court in *Brown* v. *Koloa S. Co.,* 12 Haw. 409, 411, 412, where it is said:

"In *Ward* v. *Kamanaoulu,* 9 Haw. 619, in an action of trespass *quare clausum fregit,* the court held that a plea of title in defendant without adducing evidence to sustain it, was sufficient to oust the district magistrate of his jurisdiction, there being no statute or rule requiring more. 'That a remedy might have to be provided was thought of in 1879, where the court remark in *Coney* v. *Manele,* 4 Haw. 157, 'if dishonest pleas should be set up by defendants undoubtedly effectual means will be found to obviate the effects of such dishonesty.' A rule will be made to apply to future cases.' This case was decided February 25, 1895, and on March 1, 1895, the supreme court rule or order to the district magistrates was made."

Rule 15 of this court is only applicable in district courts, but even under the practice prevailing in those courts the affidavit above quoted is clearly insufficient under the ruling of this court in *Coerper* v. *Gouveia,* 21 Haw. 270, 272.

As has been stated, the jurisdiction of the district court was not questioned, nor did it appear from the evidence in that court that the title to real estate was involved. From an inspection of the plea and the accompanying affidavit filed in the circuit court it will be seen that defendant Ah Sing admits being in possession of the premises described in the complaint, but alleges that he is in possession "as successor in interest by mesne conveyances of all the right, title and interest of the Hop Sing Company, a copartnership," etc. What interest the Hop Sing Company claimed or possessed is not stated, nor does it appear that

Quarles, J., dissenting.

said company, or the defendants under them, had or claimed any interest or title adverse to the plaintiff. Neither the plea nor the affidavit shows that the title to real estate was in any wise involved. In fact, the plea is a mere amplification of the allegation contained in the declaration "that said lease was, on the 9th day of January, 1915, sold by the sheriff of the County of Maui under and by virtue of an execution issued out of the circuit court of the second circuit. That Ham Pong, trustee, and Ah Sing were the purchasers of said lease at such sale and went into the possession and occupation of said premises and are now in possession and occupation thereof."

Conceding the correctness of the rule contended for by counsel for plaintiffs in error, that the question of jurisdiction may be raised at any time, and that if the district court had no jurisdiction the circuit court on appeal would have none, we are of the opinion that the circuit court was not ousted of jurisdiction by the filing in that court of the plea and affidavit above set out, but might properly proceed, as it did, to hear evidence and determine whether the title was actually in question. The circuit court found from the evidence that the relation of landlord and tenant existed, and the plea was properly overruled.

It follows from what has been said that in our opinion the motion to dismiss the writ of error should be granted, and it is so ordered.

*D. H. Case* and *E. Vincent* for the motion.
*E. Murphy* contra.

### DISSENTING OPINION OF QUARLES, J.

In my opinion, on an appeal in a summary possession case from a district court to the circuit court, the case being tried *de novo,* the position of the parties is not changed and any step which could properly be taken in the district court

by the defendant can be taken in the circuit court. In my opinion the plea to the jurisdiction, filed by the defendant in this case in the circuit court, ousted that court of jurisdiction. Where the district court had no jurisdiction, the circuit court on appeal has none. This rule was decided in *Lewers & Cooke* v. *Redhouse,* 14 Haw. 290, the court at page 294 saying: "This being a question of jurisdiction over the subject matter, it may be raised in this court on appeal, even though the record of the district court does not show that it was raised there except in the notice of appeal filed after judgment was rendered," citing *Tong On* v. *Tai Kee,* 11 Haw. 424; *Wedgewood* v. *Parr,* 112 Iowa 514. See also *The King* v. *Ikeole,* 4 Haw. 413; *Roy* v. *Scott,* 17 Haw. 598.

In *Tong On* v. *Tai Kee,* 11 Haw. 424, plaintiff sued in the district court for specific performance of a contract. The case was appealed to the circuit court where plaintiff obtained judgment. The case was then appealed to the supreme court which held that the district court having no jurisdiction the circuit court acquired none. At page 427 the court said: "No plea to the jurisdiction was made below, and court and counsel proceeded with the case as if law had cognizance. But parties cannot by waiver confer jurisdiction over the subject matter upon the court. *Kona Coffee Co.* v. *Circuit Court,* 10 Haw. 572." In *Jardin* v. *Madeiros,* 9 Haw. 503, it was held that a plea of former adjudication could be made in the circuit court on appeal although not made in the district court. In *Ward* v. *Kamanaoulu,* 9 Haw. 619, it was held that a plea of title in the defendant in a case of trespass *quare clausum fregit* ousts the court of jurisdiction without the introduction of evidence, and this ruling was followed in *Brown* v. *Koloa Sug. Co.,* 12 Haw. 409.

The court has jurisdiction in cases of summary proceeding to recover possession of land "only when the relation of landlord and tenant confessedly exists" (*Kaaihue* v.

*Crabbe,* 3 Haw. 776; *Coney* v. *Manele,* 4 Haw. 154; *Harrison* v. *McCandless,* 22 Haw. 129).

In my opinion the appeal to the circuit court vested it with such jurisdiction only as the district court possessed and is tantamount to the granting of a new trial of a district court case in the circuit court. Under the authorities stated the plea, which should have been, but was not, made in the district court, may yet be made in the circuit court. Our statute (R. L. Sec. 2297) withholds jurisdiction from district courts in all cases wherein the title to land is involved.

In *Coerper* v. *Gouveia,* 21 Haw. 270, the court at page 273 said: "In an action for summary possession, even though the evidence offered in defense may bring the title to the premises in question, it does not necessarily follow that such evidence is, for that reason alone, inadmissible. However, as section 1662, R. L. provides that district courts 'shall not have cognizance of   *   *   *   actions in which the title to real estate shall come in question,' the jurisdiction of the court ceases the instant it is discovered that 'the title to real estate' has come in question.  The question of title is generally presented by plea and affidavit before the trial begins, as the defendant attempted to do in this case, but the fact may afterwards be disclosed on the trial of the case by the evidence introduced.  It is immaterial, however, at what stage of the proceedings the fact is disclosed, for at that instant the proceedings must be arrested, because the court is then without jurisdiction to proceed further in the case. *Parker* v. *Bussell,* 3 Blackf. (Ind.) 411, 415; 12 Ency. Pl. & Pr. 675, 676, 677, 679; 11 Cyc. 699, 701."

In my opinion the plea to the jurisdiction filed was sufficient and put in issue the fact of the relation of landlord and tenant between plaintiff and defendants, as well as the fact that the defendant Ah Sing was claiming title to the

premises in dispute under purchase at judicial sale of the claim of Hop Sing Company. I do not understand rule 15 of this court to require that the plaintiff shall in an affidavit accompanying his plea to the jurisdiction of the court deraign his title back to the government. I think there is enough in the plea to show that the issue of title was raised, and under the statute, irrespective of court rule, jurisdiction was ousted.

In my opinion there is no doubt but what the plea to the jurisdiction filed in the circuit court was properly filed there and ousted the court of jurisdiction in this case, for which reason it would follow that the judgment was void, and therefore the motion to dismiss the writ should be overruled.