## SENTARO YANAGI *v.* KENSHIRO OKA.

## No. 1058

APPEAL FROM DISTRICT MAGISTRATE OF NORTH KONA.

SUBMITTED MARCH 19, 1918.                    DECIDED MARCH 22, 1918.

COKE, C.J., QUARLES AND KEMP, JJ.

LANDLORD AND TENANT — *summary possession* — *jurisdiction of district courts.*

In a summary proceeding plaintiff alleged a wrongful withholding by defendant after the termination of an alleged tenancy; defendant filed his affidavit by way of answer or plea to the jurisdiction denying the tenancy alleged and claimed ownership and right of possession by virtue of purchase from plaintiff: Held, that the title to real estate was involved and that the cause should have been dismissed for want of jurisdiction.

OPINION OF THE COURT BY KEMP, J.

This case was brought under chapter 154 R. L. 1915 by Sentaro Yanagi against Kenshiro Oka in the district court of North Kona, Territory and County of Hawaii, to recover possession of certain land.

The complaint alleges that the plaintiff at all times mentioned was the owner of a leasehold interest in and to that certain piece of land (describing it). That on or about the 1st day of December, 1912, and while plaintiff was in possession of said land, for a valuable consideration the defendant entered into a parol executory contract or agreement to purchase from plaintiff plaintiff's interest in said land. The defendant went into possession of said land under and by virtue of said contract or agreement and thereby became tenant at will of plaintiff and such tenancy still continues. That said defendant has defaulted in the terms and conditions by him to be performed and

has neglected and refused to pay the agreed purchase price for said premises as in said agreement specified. That on the 26th day of September, 1917, plaintiff entered upon said premises, rescinded and made null and void the aforesaid contract or agreement of sale, re-entered upon said premises and took possession thereof. That thereafter on said 26th day of September, 1917, demand was made by plaintiff upon defendant that he surrender possession of the said premises held by him as tenant aforesaid, but defendant neglected and refused for the period of ten days after said demand to quit the possession thereof and still neglects and refuses so to do. That said defendant unlawfully and against the rights of the plaintiff holds over and continues in possession of said premises, by reason whereof the plaintiff has sustained damages in the sum of $250.

The prayer is for judgment for possession of said premises and for damages, etc.

On the return day oral demurrer was interposed by the defendant and by the court overruled. Thereupon the defendant answered by affidavit (omitting the formal parts) as follows:

"That he is the owner of that leasehold covering the possession of the real estate mentioned in the plaintiff's complaint, by virtue of an agreement had between the plaintiff and defendant on the first day of December 1912, and on the second day of January 1913; that defendant claims and is entitled to the possession of the said real estate, and, therefore, the interest in said land is vested in the defendant and not the plaintiff; that the defendant is ready and willing to try the issues involved in the title to the land aforesaid; that this court is without jurisdiction to hear and determine the right, title and interest and equities of the parties to this action in the above land; hence, the defendant herein prays that plaintiff's action be dismissed for want of jurisdiction of this court."

The district magistrate thereupon ruled, as shown by the record, as follows:

"That the affidavit produced by the defendant has failed to show the source or nature of the title upon which the defendant claims as an owner of the premises to comply with rule 15 of the supreme court. So the affidavit is not sustained."

Thereafter and before the hearing of the case by the district magistrate defendant filed another affidavit which is (omitting the formal parts) as follows:

"1.   That this court cannot hear the trial of said cause upon the ground that the title to said real estate and land is involved in the manner hereinafter set forth, and therefore this court cannot hear the trial of said cause for want of jurisdiction.

"2.   That the defendant herein claims the ownership and is the owner of and entitled to the possession of that certain piece or parcel of land together with all the improvements on the land described in plaintiff's declaration and claims a right thereto adversely to the plaintiff herein, that the source of title to said premises and possession thereof was and is by virtue of a purchase by the defendant and plaintiff herein, on or about the first day of December A. D. 1912 and reaffirmed on or about the second day of January A. D. 1913, and ever since, and now, the defendant had taken possession of and is now in open possession of said premises adversely to the plaintiff herein. Therefore the title and interest to said premises is in the name of the defendant.

"That the title to said land is a leasehold from Bishop Estate which will terminate on or about January 1st A. D. 1930."

Whereupon the district magistrate made the following ruling:

"The court overruled the affidavit on the ground that the allegation in the complaint shows that the defendant only has a title under the conditions of that parol agreement

as the defendant has failed to show the source of his title in the affidavit other than the agreement of sale, hence the court overrule it."

It appears that the defendant then plead the general issue.

Upon the foregoing pleadings the case proceeded to trial and after a hearing the district magistrate gave judgment in favor of plaintiff and against the defendant from which judgment the defendant has appealed to this court upon points of law set forth as follows:

"1st. That the court erred in overruling defendant's demurrer.

"2nd. That the court erred in holding that the question of title to land was not involved in accord with and as evidenced by defendant's affidavits filed and interposed in the above entitled cause.

"3rd. That the court erred in holding that the relation of landlord and tenant existed between plaintiff and defendant, and that due proof thereof was adduced in and at the hearing herein.

"4th. That the court erred in rendering and entering judgment in said cause for the plaintiff and against the defendant for the immediate restitution of the possession of said premises in controversy.

"5th. That the court erred in denying defendant's motion for judgment for defendant."

We think it unnecessary to consider any of the points of law except No. 2 as set forth above.

"We think that a denial of tenancy, especially if in writing as in this case, even where the tenancy is well set forth in the complaint, and a setting up of another title, hostile to the plaintiff's title, whereby the magistrate becomes advised that the defendant claims adversely to the plaintiff, and not under him, is sufficient to take it out of the jurisdiction of district magistrates under these statutes; and it seems to us that if, after such a disavowal and setting up of an adverse title on the part of the defendant, the magistrate could go on and inquire whether

his title is good, he would be passing upon the defendant's title, and stretching the authority of the law greatly beyond what was contemplated; and that the consequences of such a holding would be more likely to lead to confusion and a usurpation of authority on the part of the magistrate, than the holding as at present is likely to render the statute nugatory and deprive the landlords of their remedy." (*Coney* v. *Manele,* 4 Haw. 157).

"A careful examination of the statute leads us to the conclusion that the police court could only have jurisdiction in cases where the relation of landlord and tenant *confessedly* existed" (*Kaaihue et al* v. *Crabbe,* 3 Haw. 768).

In the recent case of *Harrison* v. *McCandless,* 22 Haw. 129, the cases of *Kaaihue* v. *Crabbe* and *Coney* v. *Manele* are quoted with approval and it is further stated that "we interpret the rule to extend only to cases where the relation of landlord and tenant, as alleged in the plaintiff's declaration, is not denied."

The affidavits of defendant filed in this case by way of answer, while very clumsily worded, certainly negative the idea that the relation of landlord and tenant existed or ever had existed between plaintiff and defendant and put in issue the title to the land involved and the district magistrate was thereby apprised of defendant's claim of title, its source, nature and extent, thereby fully complying with Rule 15 of this court. We therefore hold that the district court erred in not sustaining defendant's plea to the jurisdiction and dismissing the cause.

The judgment of the district court is reversed and the cause remanded to the district court with instructions to dismiss the cause for want of jurisdiction.

*H. G. Middleditch* for plaintiff.

Defendant in person.