## CALEB LAMSON *vs.* JOSEPH T. CLARKSON.

A lessee is not, by a covenant to pay rent, estopped, in an action for the rent, to show that the lessor's estate ended before the rent accrued.

CONTRACT to recover $18.75, being three months' rent, for the three months preceding June 17, 1872, according to the terms of a lease, by which the plaintiff demised to the defendant a dwelling-house to hold for one year from June 17, 1872, for the rent of $75, and the lessee covenanted to pay the rent in equal monthly payments of $6.25 at the end of each month.

In the Superior Court, trial by jury was waived, and the case was heard by *Brigham*, C. J., who found that the defendant occupied the premises, and paid rent according to the terms of the lease to March 17, 1872 ; that at the time of the making of the lease the plaintiff had an estate in the premises for the life of one Joel Lancy, who died on December 26, 1871 ; that one Wareham Drake owned the reversion of the premises ; that he, March 26, 1872, served upon the defendant this notice : " Newburyport, March 26, 1872. Mr. Clarkson, Sir, — Please not pay to Mr. Lampson any more rent of house now occupied by Mr. Lancy & Johnson until further notice. Wareham Drake ; " that thereupon the defendant refused to pay to the plaintiff or to Drake the rent which accrued under the lease after March 17, 1862, until he could ascertain the title of the premises ; that the defendant, after the notice, occupied the premises until the end of the term without disturbance, or other interruption than that arising from the notice ; that the defendant, when he thus refused, knew that Lancy was dead, and knew the claim of the plaintiff and of Drake as to the title ; that the plaintiff had no knowledge of the service of the notice on the defendant ; and that after the

expiration of the lease, and before action brought, the defendant informed the plaintiff of the notice.

The court ruled that upon the legal effect of the foregoing facts, the plaintiff was entitled to recover, and found for the plaintiff, and assessed damages in the sum of $20.25. The defendant alleged exceptions.

*J. C. Perkins*, for the defendant.

*J. W. Perry*, for the plaintiff.

GRAY, C. J. The question presented by this case is whether a tenant, who has executed an indenture of lease for a year, and covenanted thereby to pay a certain rent quarterly, and has occupied the premises until the end of the term, is estopped to show that his landlord's only title was an estate for the life of another, which expired during the term, and thereby to justify himself in not paying to the landlord rent subsequently accrued. And we are of opinion that he is not so estopped.

So far as the estoppel of the tenant to deny his landlord's title is an estoppel *in pais*, it arises out of his having entered into possession under that title at the beginning of the lease; and he does not deny that the landlord had a title at that time, by alleging and proving that it has since expired. *Hilbourn* v. *Fogg*, 99 Mass. 11. *Grundin* v. *Carter*, Ib. 15.

So far as it is an estoppel by deed, it arises out of the execution of the indenture; and some interest, as the tenant admits, having passed by the deed, he is not estopped to show what the quantity and duration of that interest was, and that it expired before the rent accrued, which the landlord now seeks to recover. *Treport's case*, 6 Co. 14 *b*, 15 *a*. *Smalman* v. *Agburrow*, 1 Rol. R. 441, 442 *ad fin.* and 3 Bulst. 272, 275. *Brudnell* v. *Roberts*, 2 Wils. 143. *Blake* v. *Foster*, 8 T. R. 487. *Doe* v. *Seaton*, 2 C., M. & R. 728, and Tyrwh. & Gr. 19. *Langford* v. *Selmes*, 3 K. & J. 220, 226. 2 Saund. 418, note. 1 Platt on Leases, 94. The tenant's covenant is only to pay a certain sum as rent, and, in the words of Doderidge, J., in 3 Bulst. 274, "if it be so that the estate be ended, the contract for the rent will end also, this being but *quid pro quo*, sc. the rent for the land." Upon the termination of the landlord's estate, the tenant became a tenant at suffer-

ance, and no longer liable for rent under the covenants in the indenture. Vin. Ab. Debt, B. pl. 4. *Page* v. *Wight*, 14 Allen, 132, 134.

No adjudication inconsistent with these views was referred to in the learned arguments at the bar. In *Morse* v. *Goddard*, 13 Met. 177, in *George* v. *Putney*, 4 Cush. 351, and in many cases in other courts, cited for the plaintiff, the tenant, having been evicted by, or attorned in good faith to, one who had a paramount title, was held to be thereby excused from payment of subsequent rent, whether that title vested before or after the beginning of the lease; and no decision was made or required upon the question whether, without such eviction or attornment, he could have relied on the expiration of the landlord's title during the term. In *Binney* v. *Chapman*, 5 Pick. 124, the tenant, after notice of the adverse title, had made a new agreement to continue to hold of his landlord.                         *Exceptions sustained.*