ISAIAH L. RYDER *vs.* WILLIAM H. MANSELL,
and
SAME, complainant, *vs.* SAME.

Piscataquis, 1876.—January 30, 1877.

*Estoppel. Misnomer.*

The principle of estoppel which prevents a tenant from denying his landlord's title, applies to the relation that exists between the hirer and letter of a house, standing upon the land of a third person as personal estate.

A tenant is not estopped to deny his landlord's title, after that title, under which his own tenancy began, has ended and the estate has become vested in the tenant himself.

A foreclosure by a mortgagee, describing himself as William Mansell, may be valid, although his whole name is William H. Mansell, he being known to be the same person by either name, and it being evident that no misapprehension or mistake was caused on that account.

ON REPORT.

FORCIBLE ENTRY AND DETAINER
and

ASSUMPSIT ; two actions tried together and made law on report of the same evidence. The premises, the possession and the rent of which the plaintiff sought to recover, was a house built on land leased of the Highland Slate Company.

The plaintiff, a mortgageor in possession, about November 1, 1873, let, in writing, the house to the defendant, at a rent of three dollars per month for six months. After certain sundry monthly payments of rent, the evidence introduced against the plaintiff's objection, tended to show that the defendant purchased of the

mortgagee his interest and notified the plaintiff of his intention to foreclose. The plaintiff assented thereto, stating, as the evidence tended to show, that he rather submit to the foreclosure, than continue to pay twelve per cent. on the mortgage note of $100, the rate agreed, with the probable understanding as the counsel argued, that he would have three years to redeem, and could collect rent all the while. The defendant foreclosed in sixty days, as for personal property, serving the notice on the plaintiff's grantor, and not upon the plaintiff, and stating his own name in the notice as William H. Mansell, and not as William Mansell, the name in the deed. The certificate of the justice showed that William Mansell made oath to the certificate of William H. Mansell. The foreclosure, if the proceedings were valid, expired March 3, 1874.

*W. P. Young,* for the plaintiff.

The defendant having entered into possession under a lease from the plaintiff, and having neither been evicted by paramount title, nor surrendered possession, is estopped to deny his landlord's title, and therefore any testimony to show title in the defendant is inadmissible. *Longfellow* v. *Longfellow,* 54 Maine, 240. *Same* v. *Same,* 61 Maine, 590.

The relation of landlord and tenant existed between the lessor and lessee of the house standing on land of a third party by permission. *Smith* v. *Grant,* 56 Maine, 255. R. S., c. 94, § 2, last sentence.

By this foreclosure the defendant, under the forms of law, undertook a fraud upon the plaintiff, and should be held to follow strictly and technically the forms. There is no evidence that William Mansell and William H. Mansell are the same person.

In any event, the plaintiff is entitled to two months' rent ending with the foreclosure.

*C. A. Everett,* for the defendant.

The house built upon the land of a third party, was personal property. *Osgood* v. *Howard,* 6 Maine, 452. *Russell* v. *Richards,* 10 Maine, 429. *Hilborne* v. *Brown,* 12 Maine, 162. *Davis* v. *Emery,* 61 Maine, 140.

In such case the relation of landlord and tenant does not apply. If the relation does apply, still the tenant can show that the landlord's title has been put an end to. 1 Hill. Mort. 183.

Other points taken by counsel, appear in the opinion.

PETERS, J. The facts material to this controversy are these : The plaintiff was the owner of a house, situated on the land of a third person, upon which house was an outstanding mortgage. The plaintiff let the house to the defendant, by parol agreement, for a rent to be paid monthly. After this, the defendant purchased the mortgage upon his own account, and foreclosed it as one upon personal property. Before the foreclosure was commenced, the defendant notified the plaintiff of his purchase, but never surrendered the possession of the house to him, nor offered to.

The suit is for rent which accrued both before and after the foreclosure was perfected, and the complaint for possession was instituted after it was perfected.

The plaintiff contends that the defendant is liable for rent of the house until he shall surrender possession of the same to him, and that, until that is done, he is estopped, by the relation of landlord and tenant, to set up any claim of title of his own thereto. On the other hand, the defendant contends that he cannot be ousted from the possession by the plaintiff, and that he is not liable for any rent accruing subsequently to his purchase of the mortgage, whether foreclosed or not.

Our opinion is, that the plaintiff can recover for the rent of the house up to the time when the defendant's title thereto became absolute and completed by foreclosure, and that he cannot recover for any rent after that time ; and that the complaint for forcible detainer cannot be maintained.

The defendant contends that the doctrine of estoppel, such as exists by the relation of landlord and tenant, does not apply to a building that is merely personal property. We think it does apply to a house which is personal estate, situated as this house appears to be. Although, perhaps, not distinctly disclosed by the evidence, it is inferable that the rightful possessor of the building would be entitled to the use of the soil. By hiring the house, the defendant became entitled to use and enjoy the possession of the

land upon which the house stands. The reason of the rule of estoppel applies to this property with as much force as to any other. Many landlords have themselves only the estate of lessees. And the doctrine of estoppel as between principal and agent, and bailor and bailee, is not widely different from that which applies between hirers and letters of real estate. *Coburn* v. *Palmer*, 8 Cush. 124. *Hilbourn* v. *Fogg*, 99 Mass. 11. *Smith* v. *Grant*, 56 Maine, 255. As to bailments, see collection of cases in Abbott's U. S. D., vol. 2, p. 476.

But the defendant was not bound to the plaintiff as his landlord after the mortgage was finally foreclosed. Although a tenant, without a surrender or eviction, or something equivalent thereto, cannot show that the title of his landlord was not a valid one when he entered under him, he can show that such valid title has been legally extinguished or determined, so that it no longer exists. He does nothing thereby inconsistent with the lessor's right to grant the original lease. The tenant cannot be allowed to plead to his landlord's action *nil habuit in tenementis*, but he can plead *nil habet*, &c. A tenant does not deny that the landlord had a title at the beginning of the lease, by showing that the same title has expired. This exception to the general rule is well established by numerous authorities, and is entirely consistent with the reasons for maintaining the rule itself. We do not perceive why the facts of this case do not bring these parties within the application of this principle. See cases cited *supra*. Also cases collected in note under title of Estoppel, in Chitty on Plead., 16th Am. Ed. ; Wash. on Real Prop., vol. 1, book 1, c. 10, § 8. *Lamson* v. *Clarkson*, 113 Mass. 348, and *O'Brien* v. *Ball*, 119 Mass. 28, and *Whitney* v. *Dinsmore*, 6 Cush. 124, are cases directly in point.

The plaintiff makes a point that the mortgage is not well foreclosed, because the defendant in the papers is sometimes described as William H. Mansell, and sometimes as William Mansell, with the middle initial omitted. But we are satisfied that by both names he was known to be the same person, and that no misapprehension or mistake has occurred on that account. *Collins* v. *Douglass*, 1 Gray, 167. *Hubbard* v. *Smith*, 4 Gray, 72. *State*

v. *Taggart*, 38 Maine, 298.   *Dutton* v. *Simmons*, 65 Maine, 583, 585.

The result is that,   *In the complaint of forcible entry and detainer the complainant is nonsuit; and in the action at law the defendant is to be defaulted.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.