## KAMAULEULE (k) *vs.* NAGAMOTO and KAMATSU.

### EXCEPTIONS.

HEARING, JANUARY 8, 1894.    DECISION, JANUARY 24, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

To constitute a surrender of a lease by operation of law there must be a change of possession, by consent of the parties, inconsistent with the continued existence of the lease.

A tenant may not deny the title of his landlord and attorn to another unless he is actually evicted or at least in imminent danger of eviction.

Mere knowledge of a landlord that his tenant paid rent to another is not sufficient to show his acquiescence in the tenant's so doing.

Money once paid as rent but afterwards returned cannot be again recovered as rent.

Such money having been included in the judgment of the lower court, a new trial is ordered unless the plaintiff remits so much of the judgment.

OPINION OF THE COURT, BY FREAR, J.

Exceptions from the Circuit Court, Fifth Circuit, which rendered judgment for the plaintiff for $110, the whole amount claimed, being two years rent under a lease.

The Court, jury being waived, found the following facts which are fully supported by the evidence: "In March, 1891, plaintiff leased to defendants a certain piece of land at Hanapepe, Waimea, Kauai, for a term of five years from March 16, 1891, at a rental of $50 for the first year and $60 per year thereafter; fifty dollars rent for the first year was paid by defendants to the plaintiff; the defendants entered into possession and built a store and two months later a dispute arose between Messrs. Gay & Robinson and the plaintiff, they claiming title to the premises leased and in consequence of threats by them the plaintiff went to defendants and informed them of the threats of Robinson and returned the $50 to defendants to retain until the question of title of the land was settled. The defendants held possession of the land and premises for eighteen months when they left and went on to the land of Gay & Robinson. Before the defendants left, the plaintiff went to defendants and demanded the rent and they refused to pay. Thereupon plaintiff informed the defendants that he would distrain. A few days later plaintiff again went to defendants and found that they were removing their goods and taking the store away. The defendants returned the lease to plaintiff; no cancellation or surrender was made in writing."

Defendants contend that the lease was surrendered,—not by agreement of the parties, for that is required by the statute of frauds to be in writing,—but by operation of law. Our statute does not in terms except surrenders "by operation of law," as does the English statute, but assuming what

seems to be the view of some of the courts of the United States in construing statutes similar to ours, that such exception is implied, we do not think that the facts are sufficient to constitute such surrender.   The essential feature of a surrender by operation of law, aside from the mutual consent of the parties, is a change of possession inconsistent with the continued existence of the lease, as where the tenant accepts from his landlord a new lease inconsistent with the old, or where the landlord accepts a new tenant with the consent of the old, or where by mutual consent the tenant yields and the landlord resumes possession.   The Circuit Court found that there was neither mutual assent to the relinquishment of the relation of landlord and tenant nor a change of possession, and these findings are not contrary to the evidence.

Nor do the facts show, as contended, an eviction of the defendants by Gay & Robinson, which would justify the defendants in attorning to them.   No actual eviction is shown nor even imminent danger of an eviction.   The evidence shows that the defendants paid the rent to Gay & Robinson, but how they came to do so does not appear.   A tenant may not for light reasons deny the title of his landlord and, without first delivering possession to him, attorn to another.

It does not appear that the plaintiff acquiesced in the attornment.   There is nothing to show that he authorized the defendants to attorn to others and, although one of the defendants testified that the plaintiff " knows we pay rent to Gay & Robinson," it does not appear when the plaintiff first became aware of this, whether before or after the rent was paid, or before or after this action was brought, nor would mere knowledge of the fact that rent was paid be sufficient to show acquiescence in its payment.

There is but one other point which need be considered. The rent for the first year was paid.   The money was afterwards returned.   It is no longer payable as rent; whether payable as money had and received, or upon any other promise express or implied, is not before the Court.   It

cannot be recovered in this action, which is brought upon the lease.

If the plaintiff will remit $50, the amount awarded for the first year's rent, the judgment for the residue will be affirmed, otherwise a new trial will be ordered.

*A. Rosa*, for plaintiff.

*A. S. Hartwell*, for defendants.