C. B. MAILE and POLOAIEA *v.* CHIN WO COMPANY,
LUM SING, TIN WO, PAN LIEN, TUCK CHANG,
HEE SUN and CHIT YEE.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 25, 1896.          DECIDED MAY 18, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

In an action for rent upon a lease a tenant may show by way of de-
fense (1) that the estate of his landlord had determined, or (2) that
he had abandoned possession of the premises and given notice
thereof to his landlord, and had since in good faith attorned to
one who had a paramount title and immediate right of possession.

OPINION OF THE COURT BY JUDD, C.J.

This is an action of debt to recover rent on a written lease
for a term.

Several natives living at Waialua, Oahu, claiming to own
various separate parcels of land, joined in making a lease of the
same to a number of Chinese. The rent was to be at a certain
sum per acre of land, to be cultivated and used as a rice planta-
tion. Among the lessors was one Kaaiulaula, claiming some nine
acres of the land described in Royal Patent No. 333. The lease
is dated July 7, 1890, and is for the term of twenty years. Ka-
aiulaula, shortly before his death in 1894, made a conveyance
of this land to the plaintiffs. The Chinese tenants paid rent to
Kaaiulaula, and after his conveyance continued to pay some to
Poloaiea, one of the plaintiffs. The suit is to recover rent to
date of the action. It was claimed by the defendants, and evi-
dence was introduced tending to prove the same, that on receiv-

ing notice from persons claiming to be the owners that defendant's lessor, Kaaiulaula, had no title to the land, upon examination they were satisfied that the claim was true, and offered the possession of the land to Kaaiulaula's grantees (plaintiffs), and abandoned the same, and after a reasonable time took a lease from Hattie Kekino, Makala (w) and her husband, Puou, who claim to be the real owners, and offered to prove the heirship from Manana, the original patentee, as follows: That Manana devised the land by will, dated in 1855, to Kekaahiwa, his wife; Kaanaana, the brother of Kekaahiwa, inherited it from her, and the land passed by inheritance to Kaanaana's daughter, Makala, and his grand-daughter, Hattie Kekino. The defendants also offered to prove that Kaaiulaula was a tenant at will, living on the land under Kaanaana, and offered certain probate records to prove that Kaaiulaula had admitted this title to Kaanaana, having given evidence to this effect in proceedings in probate in the matter of the estate of Kekaahiwa, in 1867.

The trial court held that the evidence of the defendants did not prove a legal surrender, and that the defendants as lessees of the plaintiffs were estopped to deny their title, and refused to admit the evidence offered as to the title. The bill of exceptions disputes the correctness of these rulings. The position of defendants is this: If they can show that Kaaiulaula and his grantees are estopped to deny the title of the real owner, the heirs of Kaanaana, plaintiffs being tenants at will and not having asserted title in themselves, this estoppel now inures to the benefit of defendants under their lease from the true owners; also they do not seek to deny the plaintiffs' title, but to show an affirmative title in themselves, from which any title the plaintiffs had was derived; also they claim that the title that Kaaiulaula had, as a tenant at will, was terminated by the lease of the true owners to defendants. The interesting question as to whether this evidence was properly excluded is raised for the first time in our courts.

It is a general and well settled rule of law that a tenant cannot dispute his landlord's title. Disputing the landlord's title means

the setting up of an incompatible and paramount title to defeat it. But there are exceptions to this rule, and cases arise where the rule would seem to apply on first sight, but which have circumstances which defeat its operation. 2 Taylor L. & T., Sec. 708. In *Mays v. Dwight*, 82 Pa. St. 462, it was held that where fraud or deception is practiced by the landlord in inducing the tenant to accept the lease, or where the lease was made in ignorance of a material fact, the tenant is not estopped.

In *People v. Howlett*, 76 N. Y. 574, a tenant successfully plead that his lease was made to cover usury. "A tenant is not estopped to set up that his landlord's title is legally extinguished or terminated so that it no longer exists." *Ryder v. Marshall*, 66 Me. 170.

*Lamson v. Clarkson*, 113 Mass. 348, is authority that a tenant is not estopped to show that his landlord's title was only an estate for the life of another, which expired during the term, and thereby to justify his not paying rent to the landlord subsequently accrued.

*Hillbourn v. Fogg et al.*, 99 Mass. 11, is to a similar effect. It is there held that a tenant is not estopped to deny that since his own entry into possession his lessor's title has expired, either by its own limitation, by the act of the lessor or by eviction by title paramount, and that when the estoppel is set up by one claiming as assignee of the lessor, the tenant may show that such assignment was ineffectual to pass the lessor's title. In this case Mrs. Hillbourn occupied her room as a tenant at will of Mrs. McGrath. McGrath made a written lease of the room to Fogg, who expelled Mrs. Hillbourn from the room. But Mrs. McGrath did not own the estate and was herself a tenant at will of the owner, and the court, per Gray, J., held that she (Mrs. McGrath) could not make a valid alienation which would give Fogg a better title than she had previously given to Mrs. Hillbourn. Mrs. Hillbourn was held not estopped to deny the validity of Mrs. McGrath's derivative title. This is followed in *Palmer v. Bowker*, 106 Mass. 317. Bigelow on Estoppel, p. 403, maintains the doctrine that a tenant is not estopped to

allege that he was let into possession under a title from which the landlord's title was derived. The case from which this doctrine is taken is *Ford v. Ager*, 2 Hulston & Coleman 279. Here the defendants did not seek to dispute the plaintiff's title, but to show an affirmative title in themselves, from which any title plaintiff had was derived.

To apply these principles to our case. On the defendants' statement Kaaiulaula was a tenant at will of the heirs of Kaanaana (the true owners of the land) when he made the lease to the defendants. The lease of the true owners to defendants terminated the tenancy at will of Kaaiulaula, and defendants may be permitted to show an affirmative title in themselves from the persons from whom their lessor, Kaaiulaula, derived his title. See also *Doe*, Id.; *Higginbotham v. Barton*, 11 Ad. & E. 307, and *Holbrook v. Young*, 108 Mass. 83.

We think the defendants should have been allowed to prove the facts tendered.

The defendants also claim that they notified the plaintiffs that they had ascertained that plaintiffs had no title, and offered the possession of the land to them and abandoned the possession, exercising no act of ownership thereon until they resumed possession under their new lease from the real owners. This was held by the court to be insufficient to show a surrender, the court holding that "a surrender must be by mutual agreement."

This is not accurate. An eviction to justify attornment may be actual or constructive. And a constructive eviction is when a lessee in order to prevent being actually expelled from the demised premises, yields the possession thereof, in good faith, to one who has a title paramount to that of the lessee and his lessor, and also a right to the immediate possession, and this is a good defense to an action for rent brought by the lessor. *Morse v. Goddard*, 13 Met. 177. In such case, says Shaw, C.J., where a tenant thus relies upon an ouster *in pais*, without judgment, he has the burden of proving the validity of the elder title, the actual entry under it, and that he acted in good faith and without collusion with the party entering. Of course a mere volun-

tary attornment may not be pleaded. And in general the tenant should yield the possession to his landlord before taking a new lease from the real owner and claiming thereunder adversely to his former landlord.

2 Herman, Estoppel, Secs. 869-871.

On this misdirection we think the defendants are entitled to a new trial.

At the close of plaintiffs' case the defendants moved for a non-suit on the ground that it was not shown who were the partners in Chin Wo Company. This motion was denied and exception taken. The action was brought upon a written lease against Chin Wo Company and others under the very names in which the lease was made, executed and acknowledged; and the defendants, including Chin Wo Company, answered under the same names. The lease was in evidence. Under these circumstances the motion was properly refused.

New trial ordered.

*A. G. M. Robertson,* for plaintiffs.

*Kinney & Ballou,* for defendants.