# HAWAII LAND COMPANY, Limited, *v.* NETTIE L. SCOTT.

APPEAL FROM DISTRICT COURT, NORTH KONA, HAWAII.

SUBMITTED MARCH 18, 1901.        DECIDED APRIL 27, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

In the declaration in an action to recover summary possession of land brought under Sections 1679 and 1680 of the Civil Laws, it is necessary to allege that the relation of landlord and tenant exists or has existed between the parties, how such tenancy was created, whether by lease or by parol, and how it terminated, whether by efflux of time or by reason of a forfeiture or by a statutory notice to quit.

OPINION OF THE COURT BY PERRY, J.

This is an action instituted in the District Court of North Kona, Hawaii. Plaintiff's declaration, incorporated in the summons, is: "that the said defendant is in possession of six shares in the Hui Land of Holualoa 1 and 2 by virtue of a lease made between D. Kahao, attorney-in-fact for S. H. Petero, alias S. H. P. Kalawaiaopuna, and the defendant, dated June 25, 1895; which the said defendant holds said premises unlawfully and against the rights of the plaintiff. Wherefore the plaintiff asks judgment of this court for the possession of said premises and costs hereof." Defendant demurred on the ground that "the complaint * * * does not set forth facts sufficient to maintain an action," and also filed a document intended evidently as a plea to the jurisdiction and reading: "Comes now defendant Nettie L. Scott by her husband and agent, M. F. Scott, and

asks the court to render judgment on the question of whether it should take cognizance of this action as set forth in the complaint." Both the demurrer and the plea were overruled, and, after further proceedings, judgment was rendered for the plaintiff. Defendant thereupon appealed to this court on the following points: "1. That the magistrate erred in overruling defendant's demurrer and not requiring plaintiff to amend the complaint. 2. That the magistrate erred in ruling that the complaint set forth facts sufficient to confer jurisdiction in District Courts. 3. That the magistrate erred in admitting evidence to establish facts not averred in the complaint. 4. That the magistrate erred in admitting evidence (documentary) copy without identification on certificate that the same was a copy."

The demurrer should have been sustained. The declaration is defective in several particulars. The action was evidently intended as one for the summary possession of land, under Chapter 106 of the Civil Laws of 1897; but the plaintiff has not averred sufficient facts to obtain the relief prayed for or to give the District Court jurisdiction. It is not alleged that the relation of landlord and tenant exists or has existed between the parties to the action, how such tenancy was created, whether by lease or by parol, or how it terminated, whether by efflux of time or by reason of any forfeiture or by a statutory notice to quit. All these are matters necessary to be set forth in order to disclose a cause of action.

The argument for the plaintiff is that in alleging in substance "that the defendant is in possession of the land in question * * * which he holds unlawfully and against the right of the plaintiff," he has fully complied with the requirements of the statute, and that the statute specifically provides that "no other declaration shall be recognized." The same argument, based on the same statute, was advanced in *Coney v. Manele*, 4 Haw. 154. With reference to it, the court, after quoting Sections 939 (as amended) and 940 of the Civil Code (now Sections 1679 and 1680 of the Civil Laws), said, at pages 156 and 157: "It is contended by the plaintiff's counsel that he was under no

necessity of setting forth in his complaint that the defendant in this case was a tenant of the plaintiff's, or in what manner the defendant holds under the plaintiff, because the statute (Section 940) enacts that the defendant 'shall be summoned to answer the complaint of the plaintiff, for that the defendant is in possession of the lands or tenements, describing them, which he holds unlawfully, and against the right of plaintiff, and no other declaration shall be recognized'; and therefore it is argued that a simple declaration of illegal holding, without averring leasehold or tenancy, is not only all that is required, but a farther declaration is not to be recognized.

"But the whole gist of the complaint consists in the fact, that the defendant entered into the premises in some way as a tenant.

"The district magistrates have no right to try the titles in land, and only acquire a right in this case, if it is acquired at all, by reason of tenancy. The complaint in this instance differs, in no respect, from that used in an ordinary action of ejectment, and the magistrate on the face of it can have no jurisdiction; the lines quoted by plaintiff's counsel apply to the whole enactment, and are not to be taken as standing alone.

"Now an ordinary summons in a common civil process spoken of in the same section above, sets forth the cause of action and describes it with sufficient particularity to apprise the magistrate of his jurisdiction and to apprise the defendant of what he has got to defend. It is, therefore, clear that the declaration in this case was not sufficient to give jurisdiction to the magistrate, and on that ground the complaint should have been dismissed. We hold that it is necessary to set forth in the complaint, the circumstances of the tenancy; how it was entered into; whether by lease or parole, when it terminated, and how; whether by efflux of time or by notice to quit, and this last is a complete illustration, for the tenant by parol must have had notice to quit of at least ten days, or, the magistrate will have no jurisdiction." That decision is applicable to the case at bar.

See also *Kaaihue v. Crabbe*, 3 Haw. 766, 775, 776, and *In re Hobron*, 6 Haw. 408, 409.

The declaration could be greatly improved in other respects, as, for instance, by a more particular description of the land involved in the controversy.

The third and fourth grounds of the demurrer need not be considered.

The appeal is sustained, the judgment reversed and the cause remanded to the District Court of North Kona, Hawaii, for such further proceedings as may be proper in conformity with the foregoing views.

*Achi & Johnson* for plaintiff.

*Andrews, Peters & Andrade* for defendant.