KAUI AND KAHALEUKI *v.* SEE KANG, ALSO KNOWN AS YAU LEE.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED NOVEMBER 20, 1911.        DECIDED NOVEMBER 22, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

LANDLORD AND TENANT—*action for rent—proof of title.*

> In an action by a lessor against a lessee to recover rent the plaintiff is not required, as part of his case in chief, to prove title to the demised premises.

OPINION OF THE COURT BY ROBERTSON, C.J.

The plaintiffs brought action in the court below to recover from the defendant rent alleged to be due and unpaid under a written lease made by Kala, Kaui and Kahaleuki to Yau Lee of certain premises on Punchbowl street, in Honolulu, for the term of twenty years from January 1st, 1900.

At the trial the plaintiffs adduced testimony tending to prove that the defendant was the person named as lessee in the lease in question; that the lessee entered upon and occupied the demised premises under said lease; that the defendant paid the rent reserved to the lessors up to and including the year 1909, and had refused to pay rent to them since though plaintiffs had made demand therefor; that some time in 1909 an agent of the Bishop Estate had surveyed the land, informed the defendant that it belonged to the Estate, erected a fence in front of his store, and offered to lease the land to him; that upon being told of that, one of the plaintiffs (Kaui) said to the defendant, "that place belongs to me, don't you get any lease from them;" that the defendant took a lease from the Bishop Estate, and has paid rent under it since August, 1909. Plaintiffs also put in evidence the record in the Estate of Pokane, deceased, Probate No. 4323.

At the close of plaintiffs' case, the defendant moved for a

non-suit without assigning any grounds therefor; and the court granted the motion, giving as a reason, in response to a question by counsel for plaintiffs, "no title to the premises and no right to lease them as a matter of fact," and an order was entered stating that "the plaintiffs having omitted to prove their title to the premises leased by them to the defendant, thus failing to show their right to lease the same, defendant's motion for non-suit is granted."

The probate record above referred to has not been included in the record upon these exceptions. The transcript of the proceedings and testimony shows that it was made to appear by that record that Kala, one of the lessors, had died, and that Kaui testified that Kala was her husband. At the argument in this court counsel for plaintiffs stated that he had introduced that record to show that the plaintiff, Kaui, had inherited Kala's title in the land. Defendant's counsel argue that that record may not have shown that Kaui had become possessed of Kala's interest in the premises, and that as Kaui failed to show what title she had in the land and what share of the rent, if any, the plaintiffs were entitled to, this court cannot say that the non-suit was improperly ordered. As appears above, however, the court granted the motion for non-suit because the plaintiffs had failed to show their right to lease the premises. If the defendant had assigned as a reason for this motion that plaintiffs had failed to show that either of them had inherited Kala's interest in the land, it would not have brought forth a ruling that plaintiffs had proven "no title to the premises and no right to lease them."

The probate record was admitted without objection or discussion, and it seems not to have entered into the ruling of the court.

If defendant's counsel desired to make the contention that the record failed to show what plaintiffs' counsel claimed it did show they should have made it in the court below. *Uuku* v. *Kaio,* ante, pp. 567, 572, 573.

The non-suit was ordered, apparently, on the theory that it was incumbent upon the plaintiffs, as a part of their case, to prove title to the demised premises. Such is not the law. The rule which prohibits a tenant from denying his landlord's title rendered it unnecessary for the plaintiffs to prove title to the premises of which they had put the defendant in possession. *Keelikolani* v. *Robinson,* 2 Haw. 514; *Kamauleule* v. *Naga-moto,* 9 Haw. 384; *Maile* v. *Chin Wo Co.,* 10 Haw. 289. It was held in the case last cited that an eviction of the tenant by one having a paramount title and the right to immediate possession is a good defense to an action for rent brought by a lessor. But in such a case, as it was also there held, the burden is upon the tenant to prove the validity of the title of the party to whom he has attorned. In the case at bar the defendant does not claim that he was evicted, and he made no attempt at the trial to show title in the Bishop Estate. Nor did he offer to restore the possession of the premises to the plaintiffs. The attornment to the Bishop Estate can only be regarded as a voluntary act on the part of the defendant, and one which he could not set up to defeat plaintiffs' claim for rent.

The exception to the order granting the motion for a non-suit is sustained, the order is set aside, and the case is remanded to the circuit court for further proceedings.

*E. K. Aiu* for plaintiffs.

*C. H. Olson* (*Holmes, Stanley & Olson* on the brief) for defendant.