*J. Lightfoot* for respondents.

---

## JACOB COERPER *v.* MANUEL GOUVEIA.

APPEAL FROM DISTRICT MAGISTRATE OF NORTH KONA.

SUBMITTED AUGUST 27, 1912.              DECIDED SEPTEMBER 6, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

LANDLORD AND TENANT—*summary proceedings—affidavit to oust jurisdiction of district court.*

An affidavit in the district court, in support of a plea that title to real estate is involved, is insufficient under supreme court rule 15 when no facts are alleged showing title in the defendant or in some third party under whom he claims.

Coerper v. Gouveia, 21 Haw. 270.

ID.—*necessary proof of plaintiff—defense by defendant.*

> In an action for summary possession it is incumbent on plaintiff to show that the relation of landlord and tenant exists between himself and defendant and that he is entitled to immediate possession. Defendant may show in defense any fact which tends to disprove plaintiff's alleged right to recover. He may show that the relation of landlord and tenant has ceased to exist, and that the landlord's title has terminated. Even though the evidence offered in defense may bring the title in question, it does not necessarily follow that such evidence is, for that reason alone, inadmissible. However, under the provisions of section 1662 R. L. the jurisdiction of the district court ceases the instant it is discovered that the title to real estate has come in question.

## OPINION OF THE COURT BY DE BOLT, J.

This is an appeal by the defendant on points of law from a judgment of the district court of North Kona, county of Hawaii, in an action brought by the plaintiff against the defendant for the summary possession of certain described premises, the judgment being that the plaintiff recover the possession of the premises and his costs.

The declaration filed in the action avers, in substance, that the plaintiff is the landlord and owner of and entitled to the immediate possession of the premises, which the defendant is in possession of and holds unlawfully and against the right of the plaintiff; that on or about January 1, 1910, "the defendant * * * entered upon and took possession * * * of the premises as a tenant at will of the plaintiff under and by virtue of permission by parol * * * and the defendant ever since * * * has held * * * possession of said premises as aforesaid; that the plaintiff, being desirous to * * * repossess the * * * premises," on May 11, 1912, "by a notice in writing * * * duly notified said defendant * * * to quit possession of said premises and deliver possession thereof to the plaintiff, but he has detained and still detains the same by holding over after the termination of said tenancy by will, as aforesaid."

The defendant having refused to comply with the notice to quit the possession of the premises, the plaintiff thereupon instituted this action.

The summons issued in the action was made returnable at 10 a. m., May 27, 1912, at which time the defendant appeared and filed a plea to the jurisdiction of the court, which, in substance, denied that the relation of landlord and tenant existed or had existed between the plaintiff and the defendant at any time mentioned in the declaration, and also denied that the plaintiff was the owner of the premises and entitled to the possession thereof.  The plea was accompanied by an affidavit of the defendant, setting forth numerous facts as to the title of the premises, concluding with the statement, that the Kona Development Company, Limited, was the owner thereof.  The affidavit was silent, however, as to any title in or possession of the premises by the defendant, or that he was the tenant of, or holding under any person claiming adversely to the plaintiff. The affidavit, therefore, did not, as required by rule 15 of the rules of this court, set forth "the source, nature and extent of the title claimed by defendant."  It was clearly insufficient and the court properly overruled the plea.  *Territory* v. *Kapiolani Est.,* 18 Haw. 640, 642, 643.

Upon the plea to the jurisdiction being overruled the defendant filed an answer of general denial, with notice of intention to "rely on the defense of illegality, fraud, release, payment, satisfaction, and also on the termination of the plaintiff's right to possession, if any such right ever existed."

The trial thereafter proceeded, resulting, as above mentioned, in a judgment for the plaintiff.

During the course of the trial the defendant, on cross-examination of the plaintiff, as well as by the offer of affirmative testimony in defense, sought to establish the facts that the relation of landlord and tenant had ceased to exist between them, and that the title to the premises was no longer in the plaintiff, but in another who had evicted the defendant, under whom he

then held possession and to whom he had attorned as the holder of the paramount title. The court sustained the plaintiff's objection to all this evidence, holding that it was inadmissible on the ground that, if admitted, it would be permitting a tenant to dispute his landlord's title. This ruling was erroneous. The evidence offered by the defendant was clearly admissible. The facts that the defendant thus sought to establish were not in conflict with the general rule of law that a tenant cannot dispute his landlord's title, but they were such as could properly be shown in an action of this kind in defense.

In an action for summary possession it is incumbent on the plaintiff to show by competent evidence that the relation of landlord and tenant exists between himself and the defendant and that he is entitled to the immediate possession of the premises, otherwise he cannot recover. 24 Cyc. 1407, 1410, 1438, 1439; 12 Ency. Pl. & Pr. 868, 870; 2 Taylor L. & T., §§720, 720a, 8th ed. This being true, it follows that the defendant may show in defense any fact which tends to disprove the plaintiff's alleged right to recover the possession of the premises. He may show that the relation of landlord and tenant has ceased to exist between them, and that the landlord's title has terminated. 24 Cyc. 1401, 1421. This right of defense on the part of one in possession of premises as tenant was considered in *Maile* v. *Chin Wo Co.*, 10 Haw. 289.

In an action for summary possession, even though the evidence offered in defense may bring the title to the premises in question, it does not necessarily follow that such evidence is, for that reason alone, inadmissible. However, as section 1662, R. L. provides that district courts "shall not have cognizance of * * * actions in which the title to real estate shall come in question," the jurisdiction of the court ceases the instant it is discovered that "the title to real estate" has come in question.

The question of title is generally presented by plea and affidavit before the trial begins, as the defendant attempted to do in this case, but the fact may afterwards be disclosed on the

trial of the case by the evidence introduced.    It is immaterial, however, at what stage of the proceedings the fact is disclosed, for at that instant the proceedings must be arrested, because the court is then without jurisdiction to proceed further in the case. *Parker* v. *Bussell,* 3 Blackf. (Ind.) 411, 415; 12 Ency. Pl. & Pr., 675, 676, 677, 679; 11 Cyc. 699, 701.

The judgment is reversed and the case is remanded to the district magistrate for further proceedings therein ᵗnot inconsistent with this opinion.

Defendant in person.