*Lorrin Andrews* and *C. H. McBride* for defendants.

---

## INOAOLE AHULII *v.* YIP LAN.

ERROR TO DISTRICT MAGISTRATE OF MAKAWAO.

ARGUED SEPTEMBER 9, 1915.                    DECIDED SEPTEMBER 13, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

LANDLORD AND TENANT—*summary proceedings—right to possession.*
    In an action for summary possession of leased land it is incumbent on the plaintiff to show that he is entitled to the immediate possession of the premises.
SAME—*parol tenancy—notice to quit.*
    In an action under Chap. 154, R. L. 1915, the plaintiff should allege and prove, not only that the relation of landlord and tenant

exists, or has existed, between the plaintiff and defendant, but also how the tenancy was created, and, if by parol, that the statutory notice to quit was given.

## OPINION OF THE COURT BY ROBERTSON, C.J.

This is a writ of error to review a judgment rendered in favor of the plaintiff by the district court of Makawao, Maui, in an action for the summary possession of leased land. The case for the plaintiff proceeded upon the theory that the defendant was the tenant of certain land of the plaintiff's situate at Waiakoa, Island of Maui, under an oral lease from the plaintiff for the period of six months beginning on June 1, 1914, and was holding over unlawfully. The defendant's contention was that he was in lawful possession of the premises under the exercise of an option for the extension of a prior lease under which he had been holding and which expired on the date above mentioned. As far as we are able to gather from the meagerly reported testimony in the case it would seem that neither of these theories was supported by the evidence, but rather that the defendant was a sub-tenant under one Fat On to whom the plaintiff had leased the property upon the expiration of the previously existing lease. If the situation was as just suggested, a question which has not been discussed by counsel would arise, namely, whether the plaintiff could maintain the action at all. In an action for summary possession of land it is incumbent on the plaintiff to show that he is entitled to the immediate possession of the premises. *Coerper* v. *Gouveia*, 21 Haw. 270. If the fact be that Fat On had not taken possession and accepted the defendant as his tenant, the plaintiff, presumably, could maintain the action in order to enable her to put her new tenant in possession. However, in view of the state of the record, we make no ruling with regard to this matter, nor in connection with other points raised upon the evidence in the case.

The plaintiff's complaint alleged the existence of the relation of landlord and tenant between the parties, but did not show whether the tenancy had been created by written instru-

ment or by parol, nor was it alleged that notice to quit had been given. The complaint was defective in not stating the facts. A complaint under chapter 154, R. L. 1915, should show, not only that the relation of landlord and tenant exists, or has existed, between the plaintiff and defendant, but also how the tenancy was created, and, if by parol, that the statutory notice to quit was given. *Hawaii Land Co.* v. *Scott,* 13 Haw. 385. No objection was made in the court below to the sufficiency of the complaint, but at the close of the plaintiff's evidence the defendant moved for a nonsuit on the ground that notice to quit had not been proven. The statute (R. L. 1915, Sec. 2754) provides that where the tenancy is "by parol" a notice to quit of at least ten days is a prerequisite to the maintenance of the action, so that upon plaintiff's theory of the case, which, in view of the finding of the district court, must be taken also as the theory of the court, proof of the giving of such notice was a necessary part of the plaintiff's case. It was error, therefore, to overrule the motion for nonsuit, and the judgment must on that account be reversed.

The judgment in the case was in the following words: "Court awards judgment for the plaintiff for the possession of the land," and under one of the assignments of error it is argued that the judgment is void for uncertainty. The plaintiff, in her complaint, described the premises in question as "All that parcel of land situate at Waiakoa, Kula, Island of Maui, containing an area of 55 acres, more or less, in the names of Nauliuli and Kanealii, Royal Patent 1210." The Royal Patent was not put in evidence, and the old lease which was introduced contains no further description of the land. And it may be pointed out (which seems to have escaped the notice of counsel) that that lease contained a reservation of three acres. The judgment did not refer to the pleadings or record for a description of the land, and if it had, reference only to a patent which was not in evidence would be found. Under these circumstances there may be room for argument that the judgment was erroneous, or perhaps

even void, because of its uncertainty, but in view of the reversal of the judgment upon the ground stated, we deem it unnecessary to pass upon this point. If another judgment in favor of the plaintiff be entered it may not be open to the objection which has been raised.

The judgment of the district court is vacated and set aside, and the case remanded with instructions to permit the plaintiff to amend her complaint, if truthfully she can, by alleging that notice to quit was given the defendant in accordance with the requirement of the statute, and thereupon, for such further proceedings as may be had not inconsistent herewith; otherwise to dismiss the action.

D. H. Case and Enos Vincent for plaintiff in error.

R. J. O'Brien (E. C. Peters and Eugene Murphy with him on the brief) for defendant in error.