## T. MURAKAMI *v.* K. AONO.

### No. 1488.

EXCEPTIONS FROM CIRCUIT COURT FOURTH CIRCUIT.
HON. H. L. ROSS, JUDGE.

SUBMITTED NOVEMBER 21, 1923.        DECIDED DECEMBER 7, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

LANDLORD AND TENANT—*estoppel to deny landlord's title—transfer of landlord's title.*

In an action for rent a tenant may show by way of defense that subsequent to the commencement of the tenancy the landlord's title passed to another upon foreclosure of a mortgage.

OPINION OF THE COURT BY PERRY, J.

This is an action for rent, instituted in the district court of South Hilo. Judgment was rendered for the plaintiff. On appeal to the circuit court, on points of law, the judg-

ment was affirmed. From the circuit court the case comes to this court on exceptions.

From the evidence it appears that the plaintiff was the grantee named in a deed from the sheriff based upon a sale under an execution against one S. Fujimoto. This deed was dated June 30, 1922. At the time of the levy of the execution and sale thereunder, the property was subject to a mortgage dated March 23, 1922. After foreclosure of this mortgage under the statute by advertisement and sale, the property was conveyed to one Enomoto, the purchaser at the foreclosure sale, by deed dated November 20, 1922. Enomoto in turn conveyed to one Sakutaro Fujimoto (not the same person as S. Fujimoto) by deed dated December 5, 1922.

The plaintiff adduced testimony showing the execution of the deed by the sheriff to him and the entry by the defendant into possession as his tenant under an oral tenancy, evidently from month to month, payment by the defendant of rent for several months prior to December 1, 1922, and the refusal of the defendant after demand to pay rent for the month of December, 1922. The defendant in his turn proved by documentary evidence the execution of the mortgage, its foreclosure, the mortgagee's deed to Enomoto and Enomoto's deed to Sakutaro Fujimoto. There was no evidence in rebuttal.

The plaintiff contended in the lower courts, and the contention was sustained, that the defendant, by accepting the tenancy, was estopped from setting up as a defense to the action the foreclosure proceedings and the deeds thereunder. The exceptions properly present the question whether the ruling of the circuit court upon this contention was correct.

In our opinion the ruling was erroneous. There can be no doubt of the general rule that a tenant is estopped to deny the title of his landlord to the land demised, but

it is equally well settled, in this jurisdiction as well as in others, that this rule has its exceptions and that one of those exceptions is that the tenant may show by way of defense to the original landlord's claim for rent that subsequent to the commencement of the tenancy the landlord parted with his title either voluntarily or involuntarily, as by a foreclosure of his mortgage. The general rule of estoppel is said to be based upon sound considerations of public policy; but the exception just referred to is as clearly supported by sound reason. Rent is compensation for the use of land. When one who demises or lets land to another ceases to own the land, as by voluntarily conveying the reversion to another or suffering it to be taken from him by legal proceedings upon foreclosure of mortgage, he ceases to be entitled to that compensation. If, as apparently is the case in this instance, no express contractual provision is made to the contrary, the right to rents thereafter accruing passes to the grantee of the reversion. It is immaterial whether the original landlord's title is parted with voluntarily or involuntarily and it is equally immaterial whether the new owner at the time the action for rent is brought has elected to accept the tenant as his tenant or has disaffirmed the tenancy or has or has not demanded the rent from the tenant. The right to the subsequently accruing rents or compensation for use and occupation exists in the grantee of the reversion whether he affirms or disaffirms the tenancy or demands the rents promptly or fails to so demand; and the tenant from the time of the transfer of the title is liable to the new owner for the rent or the value of the use and occupation. To hold otherwise would, as was said by one court, only serve to complicate matters and to cause an obstruction to the transfer of land (*Perrin* v. *Lepper,* 34 Mich. 292, 295).

This court, while recognizing that "it is a general

and well settled rule of law that a tenant cannot dispute his landlord's title" and saying that "disputing the landlord's title means the setting up of an incompatible and paramount title to defeat it," has distinctly held that "there are exceptions to this rule, and cases arise where the rule would seem to apply on first sight, but which have circumstances which defeat its operation" and has approved a decision from Massachusetts to the effect that "a tenant is not estopped to deny that since his own entry into possession his lessor's title has expired, either by its own limitation, *by the act of the lessor* or by eviction by title paramount." *Maile* v. *Chin Wo Co.*, 10 Haw. 289, 291. In the same case the view was approved that "a tenant is not estopped to show that his landlord's title was only an estate for the life of another, which expired during the term," and that such expiration justifies the tenant in refusing to pay to the landlord subsequently accruing rent. *Ib.*, 291. The case at bar involves simply another application of the same principle. The original landlord's title expired not by its own limitation but because of the lawful foreclosure of a mortgage.

The following authorities, among others, sustain these general principles: *Hilbourn* v. *Fogg*, 99 Mass. 11, 12; *Lamson* v. *Clarkson*, 113 Mass. 348, 349; *Ryder* v. *Mansell*, 66 Me. 167, 169, 170; *Lancashire* v. *Mason*, 75 N. C. 334, 337; *Duff* v. *Wilson*, 69 Pa. St. 316, 318, 319; *Smith* v. *Crosland*, 106 Pa. St. 413, 416, 417; *Howell* v. *Ashmore*, 22 N. J. L. 261, 264, 265; *Franklin* v. *Palmer*, 50 Ill. 202, 205, 206; *Sherman* v. *Spalding*, 85 N. W. (Mich.) 1129, 1130; *Robertson* v. *Biddell*, 13 So. (Fla.) 358, 360; *West Shore Mills Co.* v. *Edwards*, 33 Pac. (Or.) 987, 988; *Fry* v. *Boman*, 73 Pac. (Kan.) 61, 62; *McGuffie* v. *Carter*, 42 Mich. 497, 499; *Raines* v. *Hindman*, 38 L. R. A. (N. S.) (Ga.) 863, 867; *Allen* v. *Hall*, 92 N. W. (Neb.) 171, 172; Taylor Landlord and Tenant, Sec. 705;

and 16 R. C. L., Sec. 152, pp. 666, 667, Sec. 422, p. 915.

It is suggested by plaintiff that if the court takes the view that the defense offered was admissible, it must direct the dismissal of the case on the ground that the district magistrate had no jurisdiction to try the title to the property. The statutory provision (R. L. 1915, Sec. 2297) is that district courts shall not have cognizance of actions "in which the title to real estate shall come in question." From the record before us, however, it does not appear that the title has come in question. Not only was there no affidavit such as is contemplated by rule 14 of this court relating to the "defense of title in district courts" but the evidence was undisputed, first that at the commencement of the tenancy the plaintiff had title and second that subsequent to the creation of the tenancy the title passed by the foreclosure proceedings. Certainly at this stage of the case it cannot be said that the title to the land has "come in question." The issue presented in the lower courts as well as in this court was whether, upon the undisputed state of the title, the defendant was or was not liable to the plaintiff for rent. The plaintiff who now advances the contention immediately under consideration was the one who instituted the action and who has ever since maintained it. If he shall feel that upon a new trial the title will come in question within the meaning of the statute, it will be within his power, by filing a discontinuance of the action, to no longer invoke the jurisdiction.

The exceptions are sustained, the judgment for the plaintiff is set aside and the cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.

*H. Irwin* for plaintiff.

*J. W. Russell* for defendant.