## J. D. PARIS, MRS. E. ROY, W. H. JOHNSON, J. D. JOHNSON AND W. H. SHIPMAN *v.* M. F. SCOTT.

### EXCEPTIONS FROM CIRCUIT COURT, THIRD CIRCUIT.

SUBMITTED MARCH 19, 1906.·      DECIDED MARCH 21, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

EXCEPTIONS.

> Certain exceptions plainly without merit are overruled without comment.

DISTRICT COURTS—*jurisdiction.*

> District courts have jurisdiction in actions of trespass quare clausum fregit unless the title to real estate is in question.

### OPINION OF THE COURT BY WILDER, J.

Plaintiffs are the owners of a piece of land in Kona, Hawaii, which on July 19, 1898, they leased for twenty years to one Chikura. After a number of assignments of the lease it got into the hands of defendant some time in February, 1905. On March 15, 1904, and before the assignment to defendant the lessors re-entered the demised premises and canceled and forfeited the lease for failure to pay·rent and perform all. the covenants. At various times between April 21, 1905, and August 30, 1905, defendant committed various acts of alleged trespass on the land, for which plaintiffs brought an action of trespass quare clausum fregit in the district court of North Kona, Hawaii, alleging damages in the sum of $299. It does not appear what defense was made in the district court. Judgment having been rendered for plaintiffs in the district court, defendant appealed to the circuit court, where he filed an

answer admitting the acts complained of but justifying and defending such acts, not, however, stating his ground of justification. The case went to a jury, which found for the plaintiffs in the sum of $299.

After motions to dismiss the case on the ground that the district court had no jurisdiction and for a new trial in the circuit court, neither of which motions was incorporated in the bill of exceptions, had been overruled, defendant comes to this court on six exceptions, only five of which were allowed by the circuit judge. These five exceptions may be summarized as follows: (1) to the admissibility of a copy of a notice of re-entry and cancelation and forfeiture of the lease, on the ground that it was an unsworn declaration not made in the presence of the lessee and therefore hearsay; (2) to the allowing of a question asked J. D. Paris, one of the plaintiffs, as to whether at the time of entry there was any rent due and unpaid, on the ground that it was incompetent, irrelevant and immaterial, it not appearing, however, that the question was answered; (3) to the refusal to grant a motion for a nonsuit; (4) to the denial of a motion for a new trial; and (5) to the denial of a motion to dismiss the case, on the ground that the evidence revealed an action involving title to real estate.

The first four exceptions are so obviously without merit that they are overruled without comment.

The last exception is based on the ground that the evidence in the circuit court showed that this was an action involving title to real estate and that consequently the district court had no jurisdiction. It is not shown that that appeared in the district court, and it also does not appear what was the defense made in that court. District courts have jurisdiction to try actions of trespass quare clausum fregit unless the title to real estate is in question. See *In re Kameeui,* 6 Haw. 542. In this case it did not so appear. It follows that this exception must be overruled.

The exceptions are overruled.

*Smith & Lewis, L. J. Warren* and *G. F. Maydwell* for plaintiffs.

Defendant in person.